**Belem QUINTANA–GONZALEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73746.**

**Agency No. A93–371–406.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

David L. Ross, Daniel H. Lee, Ross, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM**

Belem Quintana–Gonzalez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from the immigration judge's ("IJ") decision denying her motion to reopen in absentia removal proceedings. We have ju-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Petitioner's request for oral argument.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

risdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir.2004), and we grant the petition for review.

Petitioner was removed in absentia after failing to appear at her April 2, 1999 removal hearing. Petitioner's counsel's paralegal had contacted the immigration court clerk prior to the hearing to inform the court that counsel could not attend the hearing because it was scheduled for the religious holiday Passover. Petitioner's counsel submitted a declaration in support of the motion to reopen stating that the clerk orally rescheduled the hearing to April 6, 1999. There is no other evidence in the record that the hearing was rescheduled to April 6, 1999. The BIA agreed with the IJ that Petitioner failed to substantiate her claim that the hearing was rescheduled.

The BIA abused its discretion in concluding that Petitioner had not demonstrated the requisite exceptional circumstances to rescind the in absentia removal order because Petitioner had attended all hearings up to that point, had sought to regularize her immigration status by filing an application for cancellation of removal, and had nothing to gain by delaying the merits hearing for four days. *See id.* at 947–48. Accordingly, we grant the petition for review and remand for consideration of Petitioner's application for cancellation of removal.

**PETITION FOR REVIEW GRANTED; REMANDED.**