# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3321

———————

Socorro Guerra-Soto,                    *
                                        *
            Petitioner,                 *
                                        *  Petition for Review
      v.                                *  of an Order of the
                                        *  Board of Immigration Appeals.
John Ashcroft, Attorney General of      *
the United States,                      *
                                        *
            Respondent.                 *

———————

Submitted: October 22, 2004
Filed: February 10, 2005

———————

Before BYE, LAY, and GRUENDER, Circuit Judges.

———————

BYE, Circuit Judge.

Socorro Guerra-Soto seeks review of an order of the Board of Immigration Appeals (BIA) which denied a motion to reopen her case after a final order of removal had been entered. Guerra-Soto wants her case reopened to seek cancellation of the removal order. The BIA denied the motion because Guerra-Soto's failure to depart the country after having been ordered to do so rendered her ineligible for cancellation of removal under 8 U.S.C. § 1229c(d). Reviewing for abuse of discretion, Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997), we affirm the BIA's order and deny the petition for review.

On May 14, 1998, the government instituted removal proceedings against Guerra-Soto. In February 1999 she conceded removability and requested an opportunity to apply for cancellation of removal under 8 U.S.C. § 1229b.[1] The immigration judge (IJ) granted a continuance and gave her until April 19, 1999, to file an application for cancellation of removal. Guerra-Soto failed to file an application for cancellation of removal by the April 19 deadline.

When the removal proceedings reconvened on May 23, 2000, the IJ noted the failure to file a timely application for cancellation of removal. Guerra-Soto's counsel asked that an application for suspension of deportation, filed in 1997, be construed as the application for cancellation of removal. The IJ denied the request, and held the failure to apply for cancellation of removal by the prescribed deadline constituted a waiver of the right to request cancellation. The IJ entered an order of removal, and granted Guerra-Soto's request to depart voluntarily by September 20, 2000.

Guerra-Soto appealed the removal order to the BIA. On April 14, 2003, the BIA affirmed the IJ's decision. The BIA granted Guerra-Soto thirty days from the

---

[1]Section 1229b gives the Attorney General discretion to cancel a removal order on behalf of an alien who shows: 1) her continuous physical presence in the United States for ten years immediately preceding the date of application for cancellation of removal; 2) her good moral character during such period; 3) she has no convictions for certain listed offenses; and 4) her removal would cause "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). Guerra-Soto alleges her American-born son, Marcial Castillo, would be subject to exceptional and unusual hardship if she were deported to Mexico because he has asthma and requires medical attention she claims could not be provided in Mexico.

date of its decision, or until May 14, 2003, to depart voluntarily from the United States.

Guerra-Soto did not voluntarily leave the United States on or before May 14, 2003. Instead, she sought out a different lawyer who might keep her from being deported. Her new lawyer signed a notice of appearance on her behalf on May 7, 2003, indicating he would file a motion to reopen the case. Significantly, even though he entered his appearance prior to the May 14 deadline for voluntarily departure, this lawyer did not seek an extension of the voluntary departure date. The deadline passed, and Guerra-Soto remained in the United States without complying with the voluntary departure date.

On May 29, 2003, Guerra-Soto's new lawyer filed a motion to reopen the removal proceedings, requesting Guerra-Soto be allowed the opportunity to apply for cancellation of removal. As grounds, the motion alleged her first counsel rendered ineffective assistance of counsel by failing to file a timely application for cancellation of removal.

On August 28, 2003, the BIA denied the motion to reopen. The BIA did not address the alleged ineffective-assistance-of-counsel claim. Instead, the BIA denied the motion because Guerra-Soto failed to comply with her voluntary departure date and was therefore ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229c(d).[2]

---

[2]Section 1229c(d) provides, in pertinent part, "[i]f an alien is permitted to depart voluntarily under this section and fails voluntarily to depart the United States within the time period specified, the alien shall . . . be ineligible for a period of 10 years for any further relief under this section and section[] 1229b [cancellation of removal]."

Guerra-Soto then sought the advice of a third lawyer. On September 18, 2003, this lawyer filed the instant petition for review of the BIA's order denying the motion to reopen.

## II

We first address a jurisdictional argument. The government contends that because cancellation of removal is ultimately the relief Guerra-Soto seeks, we lack jurisdiction over this petition for review. <u>See</u> 8 U.S.C. § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b [cancellation of removal] . . . of this title."). We disagree.

Guerra-Soto has not asked us to review the BIA's denial of discretionary relief. Her petition simply asks us to review the BIA's refusal to reopen a case which, if it had been reopened, would have resulted in the Attorney General deciding whether to grant a form of discretionary relief. Section 1252(a)(2)(B)(i) would have prohibited our review only if the case had been reopened, and discretionary relief had actually been denied. This case never got that far, and thus we have jurisdiction to review the BIA's decision for an abuse of discretion. <u>See</u> <u>Medina-Morales v. Ashcroft</u>, 371 F.3d 520, 526-27 (9th Cir. 2004) (recognizing jurisdiction over a petition to review the denial of a motion to reopen where the BIA never ruled on the merits of the discretionary relief sought by the petitioner).

Guerra-Soto argues the BIA abused its discretion when it denied her motion to reopen based on her failure to comply with the voluntary departure date, because she would have rendered herself ineligible for cancellation of removal had she complied with the voluntary departure date. Guerra-Soto points out an element of a prima facie claim for cancellation of removal is continuous physical presence in the United States for the ten years immediately preceding the date of application. 8 U.S.C.

§ 1229b(b)(1)(A). Several courts, including the Eighth Circuit, have held leaving the country pursuant to a voluntary departure agreement interrupts an alien's continuous physical presence, and thus renders the alien ineligible for cancellation of removal. E.g., Palomino v. Ashcroft, 354 F.3d 942, 944-45 (8th Cir. 2004). Thus, Guerra-Soto contends her compliance with the voluntary departure date would have made it pointless to seek cancellation because she would no longer satisfy the continuous physical presence requirement. In essence, Guerra-Soto contends she was caught in a Catch-22 caused by her first legal counsel's ineffective assistance, and thus it was absurd for the BIA to rely upon her failure to comply with the voluntary departure date as the very reason for refusing to address her ineffective-assistance-of-counsel claim.

We are not persuaded that Guerra-Soto was caught in a Catch-22 caused by her first legal counsel's alleged ineffective assistance. She obtained new counsel before the May 14 deadline for voluntary departure. Her new counsel could have taken steps to extend the May 14 deadline for voluntary departure while pursuing the attempts to reopen the immigration proceedings, but did not. Moreover, the record indicates Guerra-Soto first entered the United States on June 23, 1987. Thus, it appears she had already satisfied the ten-year continuous physical presence requirement when the government instituted removal proceedings by serving her with a notice to appear on May 14, 1998 – and if she had not satisfied the continuous physical presence requirement as of May 14, 1998, she would not have been able to *subsequently* satisfy it in any event. See 8 U.S.C. § 1229b(d)(1) ("[A]ny period of . . . continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title.").

There is a more fundamental reason why Guerra-Soto's claim must fail. If the BIA had reopened this case, the issue would have been whether Guerra-Soto was entitled to a form of discretionary relief (i.e., cancellation of removal) based upon a claim of ineffective assistance of counsel. Where an immigration lawyer's alleged

-5-

ineffectiveness only touches upon the alien's chance to seek discretionary relief, the ineffectiveness does not result in a violation of due process rights because the alien has no constitutionally protected interest in seeking discretionary relief. <u>Nativi-Gomez v. Ashcroft</u>, 344 F.3d 805, 809 (8th Cir. 2003). In other words, the BIA could have refused to reopen the case for a second reason if it had chosen. Under these circumstances, we are hard-pressed to conclude the BIA abused its discretion when it declined to reopen this case.

III

For the reasons stated, we deny this petition for review and affirm the BIA's order.

_____