# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2158

———————

| | |
|---|---|
| Candelaria Dominguez-Capistran, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of a |
| v. | * Decision of the Board of |
| | * Immigration Appeals. |
| Alberto Gonzales, Attorney General | * |
| of the United States of America, | * |
| | * |
| Respondent. | * |

———————

Submitted: February 18, 2005
Filed: July 8, 2005

———————

Before BYE, HEANEY, and MELLOY, Circuit Judges.

———————

HEANEY, Circuit Judge.

This is an immigration case in which Candelaria Dominguez-Capistran petitions for review of a Final Order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) decision, which denied her motion to re-open an in absentia removal order applied against her when she failed to appear at her scheduled cancellation of removal hearing.

Dominguez-Capistran is a native and citizen of Mexico who is charged with having entered the United States without inspection in January 1988. She is a 34-

year-old single mother of four children, ages 13, 12, 11, and 6, all of whom were born in the United States. From 1995 through 2001, Dominguez-Capistran worked as a shift manager at Taco Bell. She is currently employed as a factory worker at a company in Eden Prairie, Minnesota. She owns a home in Columbia Heights, Minnesota, and has diligently paid state and federal taxes in this country.

The Immigration and Naturalization Service (INS) issued a Notice to Appear on September 23, 1999, charging Dominguez-Capistran with removability based on 8 U.S.C. § 1182(a)(6)(A)(i) as an alien who entered the United States without being admitted or paroled. Dominguez-Capistran admitted the allegations set forth in the notice, and conceded removability at a hearing on October 10, 2001. On December 11, 2001, at a separate hearing, the IJ verbally informed Dominguez-Capistran and her counsel, Herbert Igbanugo, that the cancellation of removal hearing was set for January 8, 2003. The IJ provided written notice of the hearing to counsel on the same date. Neither Dominguez-Capistran nor Igbanugo appeared for the scheduled final removal hearing. Accordingly, the IJ held that removability had been established by clear and convincing evidence, in accordance with 8 U.S.C. § 1229a(c)(3)(A). The IJ ordered Dominguez-Capistran removed in absentia to Mexico.

On April 8, 2003, Dominguez-Capistran timely filed a motion to open and rescind the in absentia removal order. She contended that exceptional circumstances caused her failure to appear at her scheduled hearing on January 8, 2003. She asserts she and her children suffered physical abuse from her husband, which prevented her from receiving adequate oral notice of the new hearing and remembering the date of the scheduled hearing because she was unduly distracted by her home circumstances. Furthermore, shortly after the hearing on December 11, 2001, Dominguez-Capistran moved her residence three times to escape her husband's abuse. She informed her attorney's office each time she moved, but her attorney did not have the address

changes recorded in his file. Consequently, Dominguez-Capistran did not receive a reminder of the January 8, 2003 hearing.

Counsel states he asked his secretary to record the hearing date in his calendar, but she did not do so. He claims he sent a copy of the court's written notice of the scheduled January 2003 hearing to Ms. Dominguez-Capistran, but acknowledges she did not receive the notice because it was incorrectly addressed. Counsel also assigned Dominguez-Capistran's file to a law clerk to manage, but the clerk was terminated in May 2002, and left the firm without informing counsel of the status of his files. Dominguez-Capistran asserts counsel failed to return her calls when she inquired about the upcoming hearing date, and he apparently does not deny that he did not return her phone calls.

The IJ denied Dominguez-Capistran's motion to re-open and rescind the in absentia removal order, and on April 13, 2004, the BIA affirmed the IJ without opinion. Dominguez-Capistran timely filed her Petition for Review of the BIA's decision on May 13, 2004.

We review the IJ's decision as the final agency action. The Attorney General is accorded considerable discretion in deciding whether to reopen or reconsider a case, and the court reviews the denial of a motion to reopen for abuse of discretion. Nativi-Gomez v. Ashcroft, 344 F.3d 805, 807 (8th Cir. 2003). Dominguez-Capistran's eligibility for cancellation of removal is not considered at this time.

A motion to rescind an in absentia removal order may be granted upon a showing that the undocumented immigrant did not receive proper notice or that her failure to appear was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C). Proper notice is defined as written notice given in person to respondent or respondent's counsel of record. 8 U.S.C. § 1229(a)(1). On December 11, 2001, the court, through an interpreter, orally informed Dominguez-Capistran of the new

hearing date and the consequences if she failed to appear. The court also gave counsel a written notice of the hearing date, which is considered personal service on the respondent. When the court asked Dominguez-Capistran whether she had any questions about her upcoming hearing, she answered that she did not. We conclude that Dominguez-Capistran received sufficient notice of the hearing.

Exceptional circumstances are defined in 8 U.S.C. § 1229(e)(1) as being those circumstances *beyond the control of the alien*, such as serious illness of the respondent, or serious illness or death of the respondent's spouse, child, or parent. The IJ determined that Dominguez-Capistran had not established that her health, or that of her children, had impeded her appearance at the hearing. He found that counsel's and her disorganization resulted in their failure to appear, and held there were no exceptional circumstances that justified reopening the matter.

The exceptional circumstances restrictions were adopted in response to a growing trend in which some aliens deliberately did not appear for hearings to extend their stay in the United States. This imposed considerable cost to the INS and hindered its efforts to efficiently consider requests for discretionary relief. See Herbert v. Ashcroft, 325 F.3d 68, 71 (1st Cir. 2003). Where, however, it is apparent the alien intended to appear at the missed hearing and had appeared at all prior hearings, some courts have extended the exceptional circumstances restrictions to include events unrelated to the health and well-being of the respondent and her immediate family members. See id. at 72-73 (holding that counsel's failure to appear at a petitioner's hearing and petitioner's delayed arrival at the hearing due to traffic congestion fell within the exceptional circumstances exception); Quintana-Gonzalez v. Ashcroft, 110 Fed. Appx. 793, 2004 WL 2203822 (9th Cir. Sept. 21, 2004) (unpublished) (holding that where respondent's attorney notified the court in advance that a religious holiday prevented [petitioner's] appearance at respondent's hearing, and the court had no evidence that said hearing had been rescheduled, petitioner had

demonstrated the requisite exceptional circumstances to rescind the in absentia removal order).

More relevant to the case before us, however, courts have held that ineffective assistance of counsel is an exceptional circumstance. See Lo v. Ashcroft, 341 F.3d 934, 939 (9th Cir. 2003) (holding that where counsel's secretary misinformed petitioners of the date of their cancellation of removal hearing, causing them to miss their hearing, ineffective assistance of counsel rose to the level of exceptional circumstances); Chen v. INS, 58 Fed. Appx.327, 2003 WL 840214 (9th Cir. Mar. 6, 2003) (unpublished) (holding that ineffective assistance of counsel, where the attorney instructed the alien to go home rather than attend a hearing, was considered an exceptional circumstance). We conclude that the circumstances in this case were exceptional because Dominguez-Capistran was subjected to ineffective assistance of counsel. Her attorney failed to send the notice of hearing to her correct address despite numerous calls she made to his law firm to inform him of her changes of address. Counsel failed to place the hearing on his calendar, lost track of Dominguez-Capistran's file, and did not return her phone calls when she inquired about her hearing date. He was aware of Dominguez-Capistran's abusive home situation and her distracted state of mind at the December 2001 hearing, yet failed to maintain a clear line of communication between himself and his client regarding her upcoming cancellation of removal hearing. Counsel was fully aware of all that Dominguez-Capistran had to lose[1] by failing to appear at this important hearing, but did not

---

[1]Based on the record before us, Dominguez-Capistran appears to have a case for cancellation of removal. Section 1229b gives the Attorney General discretion to cancel a removal order on behalf of an alien who shows: 1) her continuous physical presence in the United States for ten years immediately preceding the date of application for cancellation of removal; 2) her good moral character during such a period; 3) she has no convictions for certain listed offenses; and 4) her removal would cause "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1). The final decision is for the Attorney General to make.

conduct himself in a reasonably professional manner in managing her case. His negligence was utterly beyond Dominguez-Capistran's control. We find it was an abuse of discretion for the BIA to conclude that there were no exceptional circumstances that prevented Dominguez-Capistran from appearing at the cancellation of removal hearing, and to deny her motion to reopen. Accordingly, we vacate the denial of the motion to reopen and remand to the agency with directions that Dominguez-Capistran be permitted to present her claims for cancellation of removal.

_____