# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2280

_____

Howard Jamieson,                          *
                                          *
              Petitioner,                 *
                                          * Petition for Review of an Order
       v.                                 * of the Board of Immigration Appeals.
                                          *
Alberto Gonzales, Attorney General of     *
the United States of America,             *
                                          *
              Respondent.                 *

_____

Submitted: April 15, 2005
Filed: September 14, 2005

_____

Before MELLOY, COLLOTON, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

       Howard Jamieson seeks review of a Final Order of the Board of Immigration
Appeals (the "Board") dismissing his appeal of a decision by an immigration judge
("IJ").  We affirm.

## I.

Jamieson, a native of Jamaica, last entered the United States on August 4, 1997. On that date, Jamieson crossed the border from Mexico to the United States with a group of men. At the border, Jamieson answered "U.S." when he was asked about his "citizenship or country."

After entering the country, Jamieson resided in Kansas City with a friend. In 1998, Jamieson purchased a blank Minnesota birth certificate and a completed W-2 form with the name "Chris Williams." Jamieson adopted the name "Chris Williams" as his alias and lived and worked in the United States using that name.

In 2001, Jamieson met Winifred Varner, a United States citizen. In 2002, they had a son and, in 2003, they were married. Jamieson and Varner lived together as husband and wife and raised their son as well as two of Varner's children from a previous relationship.

On December 3, 2002, the Kansas City, Missouri Police Department contacted the Immigration and Naturalization Service (INS) about Jamieson. The Police Department suspected that Jamieson, who had been charged with domestic violence, was an illegal alien. On that same day, an INS agent conducted a phone interview with Jamieson. During that call, Jamieson admitted that he had purchased a fraudulent W-2 and birth certificate.

On December 4, 2002, the government issued a Notice to Appear to Jamieson based upon the fact that Jamieson misrepresented his citizenship in violation of Sections 237(a)(1)(A) and 237(a)(3)(D) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1227. During his deportation hearing, Jamieson was represented by an attorney, who Jamieson now argues did not effectively represent him. On March 17, 2003, the IJ found Jamieson removable and denied all relief.

Upon timely appeal, on May 5, 2004, the Board of Immigration Appeals denied Jamieson's claim and adopted the decision of the IJ. The Board also denied Jamieson's claim that he received ineffective assistance of counsel during his hearing before the IJ. Jamieson then filed an appeal with this court and requested a stay. We denied the stay. Jamieson voluntarily surrendered for removal and has now been deported.

## II.

We review Board determinations on questions of law de novo, but give substantial deference to the Board's statutory interpretations. INS v. Aguirre-Aguirre, 526 U.S. 415, 424 (1999). We review factual findings of the Board and IJ under a substantial evidence standard. INS v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992).

Under Section 212(a)(6)(C)(ii) of the Act, "[a]ny alien who falsely represents, or has falsely represented himself or herself to be a citizen of the United States for any purpose or benefit under this Act . . . or any other Federal or State law is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(ii). Under Section 237(a)(1)(A) of the Act, any alien who has been "inadmissible by the law existing at such time is deportable." 8 U.S.C. § 1227(a)(1)(A).

In the present matter, Jamieson misrepresented his citizenship in violation of the Act when he crossed into the United States.[1] When crossing the border, Jamieson replied "U.S." to a question by an immigration officer. Jamieson now argues that his reply was ambiguous, he was directed to say "U.S." by the group he had joined, and

---

[1] Because we find that the IJ's assessment of Jamieson's misrepresentation upon entering the United States was sufficient to support a finding of removability, we do not need to consider the materiality of his other alleged misrepresentations.

there is not substantial evidence of the exact question he was asked. However, the transcript from the deportation hearing is clear. Jamieson said, "[the immigration officer] asked me citizenship or country and I responded U.S." For him to argue contrary to that clear statement is disingenuous. His statement unambiguously misrepresented his citizenship. Further, pressure from his companions to say "U.S." is irrelevant to his culpability for his misrepresentation under the Act.

Jamieson also argues that even if he did misrepresent his citizenship, he did not do so to gain a "benefit under [the] Act." 8 U.S.C. § 1182(a)(6)(C)(ii). Specifically, Jamieson cites Smiley v. United States, 181 F.2d 505, 507 (9th Cir. 1950), for the proposition that gaining employment is not a benefit to support removability. Whether Smiley actually stands for that proposition is questionable. Regardless, obtaining entry to the country, as Jamieson did when he crossed the border into the United States, is a "benefit" under the Act. See Reid v. INS, 420 U.S. 619, 624-25 (1975); Kalejs v. INS, 10 F.3d 441, 446 (7th Cir. 1993). Therefore, Jamieson's misrepresentation at the border alone was sufficient to support the IJ's finding of removability. As a result, we find that the IJ's findings regarding Jamieson's misrepresentation of his citizenship were supported by substantial evidence.

Jamieson further argues that he was prejudiced by ineffective assistance of counsel during his hearing. Several circuits have found that a defendant in a deportation hearing has a Fifth Amendment Due Process Clause right to assistance by counsel to protect the fundamental fairness of the proceeding. See, e.g., Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir. 1986). However, our circuit has yet to decide the issue. See Obleschenko v. Ashcroft, 392 F.3d 970, 971-72 (8th Cir. 2004) (noting that there are "serious doubts" about whether ineffective assistance of counsel affects Fifth Amendment rights). Nonetheless, we have held that ineffective assistance in the immigration process comprises an "exceptional circumstance" that merits judicial recognition for purposes of 8 U.S.C. §

1229a(b)(5)(C).  Dominguez-Capistran v. Gonzales, 413 F.3d 808, 811 (8th Cir. 2005).

Assuming, without deciding, that Jamieson has a general right to effective counsel at a deportation hearing, Jamieson still does not have a right in this specific case.  Because Jamieson is seeking the discretionary relief of adjustment of status, there is no constitutionally-protected liberty interest at stake.  Guerra-Soto v. Ashcroft, 397 F.3d 637, 641 (8th Cir. 2005) (noting that where a lawyer's "ineffectiveness only touches upon the alien's chance to seek discretionary relief, the ineffectiveness does not result in a violation of due process rights").  Consequently, Jamieson's claim of ineffective assistance of counsel also fails.

## III.

Accordingly, for the reasons stated above, we deny Jamieson's petition for review.

_____