# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3540

_____

Simon Kiloobe Lubale,      *
     *
     Petitioner,      *
     *    Petition for Review of an
     v.      *    Order of the Board of
     *    Immigration Appeals.
Alberto Gonzales, Attorney General,      *
     *
     Respondent.      *

_____

Submitted: March 15, 2007
Filed: May 2, 2007

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

In October 2003, an Immigration Judge (IJ) denied Simon Kiloobe Lubale's application for asylum and related relief, but permitted him to depart voluntarily. The Board of Immigration Appeals (BIA) dismissed Lubale's appeal, and granted a 60 day period of voluntary departure until July 15, 2005. On August 12, 2005, Lubale moved to reopen his proceedings. The BIA denied the motion to reopen, finding Lubale ineligible for adjustment of status. Lubale petitions for review after the BIA denied his motion to reconsider.[1] After careful review, we deny the petition.

_____

[1]In addition Lubale has moved to supplement the record on appeal with several items of evidence that were not presented below. These materials were not part of the administrative record, and the motion is denied.

Lubale, a Ugandan citizen, entered the United States as a nonimmigrant visitor and overstayed the authorized period of admission. Removal proceedings were initiated in April 2002. Lubale conceded removability and requested voluntary departure; he also filed an application seeking asylum, withholding of removal, and protection under the Convention Against Torture. The IJ found Lubale removable, denied his application, and granted voluntary departure. Lubale appealed to the BIA which affirmed the IJ's decision and dismissed the appeal on May 16, 2005. The BIA granted Lubale a 60 day voluntary departure period. Lubale's period of voluntary departure expired on July 15, 2005.

On August 12, 2005 Lubale filed a motion to reopen, seeking adjustment of status to permanent residence based on his alleged bona fide marriage to a United States citizen in May 2004. The Department of Homeland Security (DHS) opposed the motion and the BIA denied it, citing Matter of Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002) (motion to reopen may be granted if, inter alia, motion is not barred by Matter of Shaar, 21 I. & N. Dec. 541 (BIA 1996), and Immigration and Naturalization Service (now DHS) does not oppose motion), and Matter of Shaar, 21 I. & N. Dec. at 543-44 (alien who overstays his voluntary departure period is statutorily ineligible for applying for adjustment of status absent showing of "exceptional circumstances").[2] The BIA also noted that because Lubale had not filed his motion to reopen prior to the expiration of the voluntary departure period, his case did not fall within the scope of Sidikhouya v. Gonzalez, 407 F.3d 950, 952 (8th Cir. 2005) (per curiam) (motion to reopen filed prior to expiration of voluntary departure period tolls time period until BIA has ruled on motion).

Lubale filed a motion to reconsider, alleging that he was unable to depart from the United States within the voluntary departure period due to the exceptional circumstances of his wife delivering a stillborn son in December 2004. The BIA

_____

[2]The decision in Matter of Shaar was based on 8 U.S.C. § 1252b(e)(2)(A) and preceded the 1996 enactment of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), which repealed § 1252b(e)(2)(A).

denied Lubale's motion on the ground that his wife's stillbirth was not an exceptional circumstance because it occurred during the pendency of his appeal before the BIA, an appeal which ultimately granted voluntary departure. The BIA also noted that Lubale did not seek an extension of the voluntary departure period and that during his appeal he never informed the BIA of his marriage to a United States citizen. Lubale mistakenly directed his petition to the United States Court of Appeals for the Sixth Circuit, and the matter was later transferred to this court.

Lubale now petitions for review of the BIA's denial of his motion to reconsider, arguing that the fact his wife had a stillborn son constituted exceptional circumstances for failing to depart voluntarily. He also maintains that his counsel's failure to file the motion to reopen prior to the expiration of the voluntary departure period amounts to ineffective assistance in violation of his Fifth Amendment due process rights.

We review for abuse of discretion the BIA's denial of relief on a motion to reconsider. Aneyoue v. Gonzales, 478 F.3d 905, 907 (8th Cir. 2007). This standard of review, which is considerably more deferential than the ordinary standard for reviewing agency decisions, is necessary to deter aliens from "improperly prolong[ing] the removal process by filing motions to reconsider, instead of petitioning for immediate judicial review of an initial adverse decision." Esenwah v. Ashcroft, 378 F.3d 763, 765 (8th Cir. 2004) (citing Boudaguian v. Ashcroft, 376 F.3d 825, 828 (8th Cir. 2004)). To succeed under this higher standard of review, Lubale must demonstrate that the BIA's denial lacks a rational explanation, departs from established policies, invidiously discriminates against a particular race or group, ignores relevant factors, or distorts important aspects of the claim. Id.

Lubale contends that exceptional circumstances prevented him from departing within the time allowed by the BIA's grant of voluntary departure. Prior to the enactment of the IIRIRA, "exceptional circumstances" were a statutory justification for failing to depart during the specified time period. See 8 U.S.C. § 1252b(e)(2)(A) (repealed 1996) ("any alien allowed to depart voluntarily . . . who remains in the

United States after the scheduled date of departure, other than because of <u>exceptional circumstances</u>, shall not be eligible [to receive an adjustment of status for 5 years]") (emphasis added).  In 1996, the passage of the IIRIRA eliminated this justification.  <u>See</u> 8 U.S.C. § 1229c(d)(1) (West 2005 & 2006 Supp.) ("if an alien is permitted to depart voluntarily . . . and <u>voluntarily fails to depart</u> within the time period specified, the alien shall be ineligible [to receive an adjustment of status for 10 years]") (emphasis added).

Here, because Lubale's removal proceedings commenced after the effective date of the IIRIRA, the BIA lacked authority to apply an "exceptional circumstances" justification for his failure to depart within time period afforded for voluntary departure.  <u>See</u> <u>Matter of Zmijewska</u>, 24 I. & N. Dec. 87, 92-93 (BIA 2007) (Congress has not given BIA authority to apply equitable exceptions to civil penalties for failing to depart within time for voluntary departure).  Further, Lubale does not allege that he was unaware of the BIA's grant of voluntary departure or that he was physically unable to depart within the specified time period.  <u>See</u> <u>id.</u> at 94 ("voluntariness" exception in § 1229c(d)(1) is much narrower than repealed "exceptional circumstances" exception and would apply only to aliens who, through no fault of their own, remain unaware of voluntary departure order or are physically unable to depart; involuntary failure to depart does not include exceptional hardships to alien or close family members).  The BIA therefore did not abuse its discretion in denying the motion to reconsider.

Finally, Lubale's failure to assert his ineffective assistance claim before the BIA precludes judicial review.  <u>See</u> <u>Etchu-Njang v. Gonzales</u>, 403 F.3d 577, 584 (8th Cir. 2005) (before alien may obtain judicial review on claim of ineffective assistance it must be presented to BIA on direct administrative appeal or in motion to reopen); <u>Nativi-Gomez v. Ashcroft</u>, 344 F.3d 805, 808 n.1 (8th Cir. 2003) ("[o]ur Circuit has yet to recognize the validity of a due-process claim in a deportation proceeding based on the ineffective assistance of counsel"); <u>cf.</u> <u>Jamieson v. Gonzales</u>, 424 F.3d 765, 768

(8th Cir. 2005) (where alien seeks discretionary relief of adjustment of status no constitutionally-protected liberty interest is at stake).

Accordingly, we deny Lubale's petition for judicial review.

_____