# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1274

_____

Hilario Vargas,                                     *
                                                    *
            Petitioner,                             *
                                                    *   Petition for Review of an Order of
      v.                                            *   the Board of Immigration Appeals.
                                                    *
Eric H. Holder, Jr.,[1]                             *
Attorney General of the United States,              *
                                                    *
            Respondent.                             *

_____

Submitted: December 11, 2008
    Filed: May 20, 2009

_____

Before MELLOY and BENTON, Circuit Judges, and MAGNUSON,[2] District Judge.

_____

MELLOY, Circuit Judge.

Hilario Vargas petitions for review of an order of the Board of Immigration Appeals (the "BIA") denying his motion to reopen his cancellation of removal proceedings in light of new material facts. He claims that in denying his motion, the

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

BIA abused its discretion and violated his due-process rights by not remanding proceedings to the Immigration Judge (the "IJ"). We deny the petition.

I.

Vargas petitioned for cancellation of removal on the grounds that his U.S.-citizen daughter, Hillary, would face exceptional and extreme hardship if she returned with him to Mexico. See 8 U.S.C. § 1229b (cancellation of removal). He claimed that she suffered from speech problems resulting from years of lead poisoning and that the necessary speech therapy would not be available in Mexico. The IJ denied Vargas's petition, stating: "Having failed to establish either exceptional and extremely unusual hardship to the United States citizen children, or the continuous physical presence as required, the Court will find that the respondent has failed to meet his burden of proof to show eligibility for cancellation of removal . . . ." Vargas appealed to the BIA.

While his appeal was pending, Vargas's daughter Abigail, who the BIA subsequently noted is not a qualifying relative for purposes of § 1229b,[3] was hit by a car and seriously injured. Vargas claims that Hillary, who was with Abigail at the time, was "seriously emotionally further affected" by the incident. Based on this incident, Vargas made a motion to submit new evidence to the BIA and asked that, alternatively, the BIA remand the case to the IJ for further consideration of the new evidence.[4] The new evidence Vargas submitted was a copy of the civil claim filed

---

[3]8 U.S.C. § 1229b(d) provides that the Attorney General may cancel an alien's removal if the alien "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."

[4]As the Government points out, the BIA cannot engage in additional fact finding on appeal. 8 C.F.R. § 1003.1(d)(3)(iv). Here, however, the BIA evidently considered Vargas's Motion for Leave to Submit New Evidence as a motion to reopen. When a motion to reopen is filed while an appeal is pending before the BIA, the motion "may be deemed a motion to remand" and "may be consolidated with, and

against the driver who hit Abigail; Vargas claims hospital records were not available until after the applicable motion deadline. Neither the motion nor the claim reference any impact on Hillary.

The BIA did not remand the case to the IJ to consider the new evidence of hardship, stating, "Since this evidence does not alter the determination regarding removal-related hardship to the qualifying relatives [i.e., Hillary and her brother Abraham], a remand to the Immigration Court for consideration of this evidence is not deemed necessary." The BIA then affirmed the IJ's decision regarding the lack of showing of exceptional and extremely unusual hardship but did not address the appeal regarding the adverse continuous-physical-presence determination. Vargas appeals the denial of his motion to remand, claiming that the BIA abused its discretion and violated his due-process rights by refusing to remand.

II.

A.  Abuse of Discretion

We lack jurisdiction to review the denial of a petition for cancellation of removal under 8 U.S.C. § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i); Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 434 (8th Cir. 2007) (identifying cancellation of removal under § 1229b as a form of discretionary relief shielded from our review).[5] However, Vargas does not ask us to review the BIA's denial of discretionary relief under § 1229b. Rather, his petition "simply asks us to review the BIA's refusal to reopen a

_____

considered by the [BIA] in connection with, the appeal." 8 C.F.R. § 1003.2(c)(4). Even where a motion to reopen is "styled as a motion to remand, [i]n substance . . . it remains a motion to reopen." In re L-V-K, 22 I. & N. Dec. 976, 978 (BIA 1999) (internal citation omitted).

[5]We may, however, review non-discretionary determinations underlying such a decision, constitutional claims, and questions of law. Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir. 2008).

case which, if it had been reopened, would have resulted in the Attorney General deciding whether to grant a form of discretionary relief." Guerra-Soto v. Ashcroft, 397 F.3d 637, 640 (8th Cir. 2005). The jurisdiction-stripping provisions of § 1252(a)(2)(B) do not generally apply to the BIA's denial of a petition to reopen. Id. In fact, "[s]ection 1252(a)(2)(B)(i) would have prohibited our review only if the case had been reopened, and discretionary relief had actually been denied. This case never got that far, and thus we have jurisdiction to review the BIA's decision for abuse of discretion." Id. As we have previously stated:

> The [jurisdiction-stripping] statute applies to decisions "the authority for which is *specified under this subchapter* to be in the discretion of the Attorney General." (emphasis added). The discretion to grant or deny motions to reopen or reconsider is conferred by the Attorney General's regulations, not by statute. See 8 C.F.R. § 1003.2. Thus, we have continued our long-standing practice of reviewing the denial of motions to reopen for abuse of the BIA's discretion.

Miah v. Mukasey, 519 F.3d 784, 789 n.1 (8th Cir. 2008) (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)).

The BIA, however, has already once considered Vargas's initial request for relief on grounds of exceptional and extremely unusual hardship. But, contrary to the Government's argument, Vargas does not ask us to review that underlying decision. Even if we were to conclude that we do not have jurisdiction to consider a motion to reopen where an initial, unreviewable determination has been made, see Zacarias-Velasquez, 509 F.3d at 434, Infanzon v. Ashcroft, 386 F.3d 1359, 1361–62 (10th Cir. 2004), that is not the case before us. Here, "the evidence submitted addresses a hardship ground so distinct from that considered previously as to make the motion to reopen a request for new relief, rather than a reconsideration of a prior denial." Fernandez v. Gonzales, 439 F.3d 592, 602–03 (9th Cir. 2006). Although the new evidence also goes to establishing hardship, it is not merely cumulative evidence prompting a re-evaluation of the relief already sought; rather, the new evidence

provides a completely new basis for seeking cancellation of removal.[6]  Accordingly, we have jurisdiction to review the BIA's refusal to grant Vargas's motion to remand, and we do so for abuse of discretion.  See Guerra-Soto, 397 F.3d at 640.

"The [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."  8 C.F.R. § 1003.2(a).  "[T]he BIA will remand only if the evidence is of such a nature that the [BIA] is satisfied that if proceedings before the [IJ] were reopened . . . the new evidence would likely change the result in the case."  Berte v. Ashcroft, 396 F.3d 993, 997 (8th Cir. 2005) (internal quotation omitted).  In deciding whether to remand, "The BIA abuses its discretion if its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim."  Isse v. Mukasey, 524 F.3d 886, 887 (8th Cir. 2008) (internal quotation omitted).  Here, the BIA followed its established policy to consider whether the additional evidence would likely change the result, and it determined that it would not. See generally Matter of Coelho, 20 I. & N. Dec. 464, 472–73 (BIA 1992) (discussing the BIA's authority and grounds for denying a motion to reopen); In re Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001) (interpreting and applying "exceptional and extremely unusual hardship").  Vargas contends that in making its determination, the BIA failed to consider all factors presented, but Vargas's argument amounts only to a disagreement with the outcome of the BIA's weighing of those factors.  Moreover,

---

[6]Moreover, we note that the BIA did not simply opt to conclude, under its discretionary authority, that Vargas was not entitled to relief regardless of whether he might be able to show eligibility.  The Supreme Court has acknowledged that "the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief."  INS v. Abudu, 485 U.S. 94, 105 (1988).  Given the subsequently-passed jurisdiction-stripping provisions of § 1252, there may be some question as to whether our jurisdiction still extends to such a situation.  We need not address this question here.

because the underlying relief sought was discretionary, "the BIA could have refused to reopen the case for a second reason if it had chosen." Guerra-Soto, 397 F.3d at 640–41. As such, the BIA did not abuse its discretion in refusing to grant Vargas's motion.

B. Due Process

Vargas also claims that the BIA's refusal to remand his case violated his due-process rights. Although we do have jurisdiction to review constitutional challenges even to otherwise-unreviewable discretionary determinations in administrative proceedings, see 8 U.S.C. § 1252(a)(2)(D), we do not have constitutional-challenge jurisdiction where the petitioner is not raising a constitutional argument but is in essence appealing the underlying discretionary determination. Meraz-Reyes, 436 F.3d 842, 842–43 (8th Cir. 2006) (per curiam). As discussed above, however, Vargas does not appeal the IJ's underlying determination; he is appealing the BIA's refusal to remand the case to the IJ for consideration of new evidence to support the same statutory relief but on different grounds. Even so, where the petitioner "is seeking the discretionary relief of adjustment of status, there is no constitutionally-protected liberty interest at stake," and thus no due-process claim in the proceedings. Jamieson v. Gonzales, 424 F.3d 765, 768 (8th Cir. 2005); see also Nativi-Gomez v. Ashcroft, 344 F.3d 805, 808–09 (8th Cir. 2004).

Because ultimately "[w]hat matters is whether the individual has an expectation of receiving some measure of relief," Nativi-Gomez, 344 F.3d at 809, there may be circumstances where, even in the discretionary context, the BIA has created a liberty interest. See Jezierski v. Mukasey, 543 F.3d 886, 890 (7th Cir. 2008) ("Having created a reopening remedy that can defeat removal, the government cannot be allowed to destroy the remedy and so ensure removal by creating procedural roadblocks that prevent the alien from invoking the procedure. That would be a deprivation of liberty without due process of law, and would therefore be judicially reviewable . . . ."). There is nothing to indicate that any such expectation has been

created here.  <u>Nativi-Gomez</u>, 344 F.3d at 809 (describing adjustment of status as the "unfettered discretion of a governmental authority" and holding no due-process right in proceedings to obtain that relief ).

III.

For the foregoing reasons, the order of the BIA is affirmed and the petition is denied.

_____