**IMG-194**                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4466
_____

CELINA ESPINOZA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A73-530-668)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 14, 2011

Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed: September 23, 2011 )
_____

OPINION
_____

PER CURIAM

        Cecilia Espinoza seeks review of an order of the Board of Immigration Appeals

("BIA") denying her motion to reopen her removal proceedings.  For the reasons that

follow, we will deny the petition for review.

Espinoza is a citizen of Mexico who entered the United States in 1993. In 2004, the Government charged her with removability as an alien present in the United States without being admitted or paroled. Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. Espinoza conceded that she was removable and, through counsel, applied for cancellation of removal under INA § 240A(b)(1) [8 U.S.C. § 1229b(b)(1)]. The cancellation application was predicated on Espinoza's claim that, if she was removed to Mexico, her two United States citizen sons would not have access to health insurance or a quality education. In November 2005, an Immigration Judge ("IJ") denied relief, concluding that Espinoza failed to demonstrate that removal would result in exceptional and extremely unusual hardship to her sons. The Board of Immigration Appeals ("BIA") affirmed without opinion on March 12, 2007.

Proceeding with new counsel, Espinoza filed a motion to reopen in April 2010, based on evidence that one of her sons had been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and news articles addressing recent violence in Mexico. Although the motion was untimely, Espinoza urged the BIA to either exercise its authority to reopen sua sponte or apply equitable tolling, arguing that her prior attorney provided ineffective assistance by failing to challenge the BIA's order of March 12, 2007. The BIA denied the motion to reopen, stating that Espinoza did not demonstrate that she was prejudiced by her prior counsel's inaction. With respect to the underlying merits, the BIA held that Espinoza's evidence of her son's ADHD and her

2

generalized claim of violence in Mexico did not sufficiently demonstrate hardship substantially beyond that which would normally result from removal. See In re Monreal-Aguinaga, 23 I. & N. Dec. 56, 63-64 (BIA 2001) (discussing the factors relevant to the determination of exceptional and extremely unusual hardship). The Board declined to reopen the proceedings sua sponte. Espinoza filed a timely petition for review.

Although we have authority to review a BIA order denying a motion to reopen, Zheng v. Att'y Gen., 549 F.3d 260, 264-65 (3d Cir. 2008), we lack jurisdiction over discretionary decisions.[1] INA § 242(a)(2)(B) [8 U.S.C. § 1252(a)(2)(B)]. In particular, we lack jurisdiction to review a determination that a petitioner has failed to satisfy the hardship requirement for cancellation of removal. Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010); see also Fernandez v. Gonzalez, 439 F.3d 592, 601 (9th Cir. 2006) (holding that jurisdiction is generally lacking where a motion to reopen seeks to pursue a basis for discretionary relief which was previously considered); but cf. Vargas v. Holder, 567 F.3d 387, 390-91 (8th Cir. 2009) (exercising jurisdiction over Board's denial of motion to remand where the "new evidence provides a completely new basis for seeking cancellation of removal."). Despite this jurisdictional limitation, however, we may

---

[1] We also lack jurisdiction to review the BIA's decision to decline to exercise its discretion to reopen the case sua sponte. Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003) ("Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case."). Accordingly, to the extent that Espinoza challenges the denial of discretionary sua sponte reopening, we do not have jurisdiction over her petition.

review "constitutional claims and questions of law presented in petitions for review of final removal orders." Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005) (citing INA § 242(a)(2)(D)). Therefore, we have jurisdiction to consider whether the Board, in exercising its discretion, violated a rule of law or a provision of the Constitution. Chen v. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006) (holding that a petition raises a question of law when it alleges a "fact-finding which is flawed by an error of law" or an "abuse of discretion" that is "based on a legally erroneous standard").

Espinoza argues that the BIA violated her due process rights by failing to review the entire record, including, in particular, evidence of economic hardship. Due process entitles an alien to "a full and fair hearing and a reasonable opportunity to present evidence." Romanishyn v. Att'y Gen., 455 F.3d 175, 185 (3d Cir. 2006). To prevail on a due process claim, an alien "must show that substantial prejudice resulted from the alleged procedural errors." Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir. 2010). Notably, Espinoza's motion to reopen did not rely on evidence of economic hardship. In addition, the Board cited "the evidence submitted along with [Espinoza's] motion describing her oldest child's academic difficulties and ADHD." It also noted evidence supporting Espinoza's "generalized claim of violence in Mexico." Thus, because the Board considered the evidence that Espinoza presented in her motion to reopen, her due process claim is without merit.

The Board also properly rejected Espinoza's contention that her untimely motion to reopen should be granted because her former attorney provided ineffective assistance.

4

Generally, a motion to reopen must be filed no later than 90 days after the date of the final administrative decision in the proceeding sought to be opened. 8 C.F.R. § 1003.2(c)(2); Shardar v. Att'y Gen., 503 F.3d 308, 313 (3d Cir. 2007). But the deadline for filing a motion to reopen may be equitably tolled by an ineffective assistance of counsel claim. Borges v. Gonzales, 402 F. 3d 398, 407 (3d Cir. 2005). We have explained, however, that "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." Mahmood v. Gonzales, 427 F.3d 248, 253 (3d Cir. 2005). A petitioner who seeks to equitably toll the limitations period on filing a motion to reopen must demonstrate that prejudice resulted from counsel's alleged errors, id. at 252, and that he or she has exercised due diligence in raising the claim. Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011). Prejudice in the immigration context requires the alien to show "that there was a 'reasonable likelihood that the result would have been different if the error[s] . . . had not occurred.'" Fadiga v. Att'y Gen., 488 F.3d 142, 159 (3d Cir. 2007) (alterations in original) (quoting U.S. v. Charleswell, 456 F.3d 347, 362 (3d Cir. 2006)).

Here, Espinoza faulted her former attorney for failing to challenge the BIA's original final removal order, issued in 2007. In particular, Espinoza argues that her attorney "misrepresented . . . that [counsel] would be filing a motion to reopen and reconsider with the [BIA], and a petition for review" with this Court. Espinoza has not demonstrated, however, how she was prejudiced. Notably, she has not identified any error of law or fact that could have formed a valid basis for reconsideration of the BIA's

5

2007 order. Similarly, she has not pointed to any material, previously unavailable evidence which would have supported a motion to reopen. We note that the evidence upon which Espinoza relied in her present motion to reopen was unavailable in 2007. Furthermore, because Espinoza challenged only the IJ's discretionary hardship determination in her initial appeal to the BIA, we would have lacked jurisdiction to review her claims in a petition for review. See Patel, 619 F.3d at 232. Therefore, because Espinoza has failed to demonstrate that she was prejudiced by her former counsel's alleged ineffective assistance, we conclude that the BIA did not abuse its discretion in denying her untimely motion to reopen.

For the foregoing reasons, we will deny the petition for review.