# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2352

_____

Hector Miranda Ortiz

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States of America

*Respondent*

_____

No. 16-3779

_____

Hector Miranda Ortiz

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States of America

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: August 4, 2017
Filed: August 9, 2017
[Unpublished]
_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

In these consolidated matters, Salvadoran citizen Hector Miranda Ortiz petitions for review of (1) an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration judge, which denied him withholding of removal and relief under the Convention Against Torture (CAT) (No. 16-2352); and (2) an order of the BIA denying his motion to reopen proceedings (No. 16-3779).

We conclude that substantial evidence supports the agency's decision to deny withholding of removal. Ortiz did not show that the harm he suffered was on account of a protected ground or establish that his proposed social group was distinctly perceived by the Salvadoran society. See Malonga v. Holder, 621 F.3d 757, 766 (8th Cir. 2010) (applicant bears burden of providing some evidence that motivation of persecutor's actions was, at least in part, on account of protected ground); Matter of W-G-R-, 26 I. & N. Dec. 208, 220-22 (BIA 2014) (applicant did not establish that "former members of the Mara 18 gang in El Salvador who have renounced their gang membership" constituted particular social group; defined group lacked particularity because it was too diffuse, as well as too broad and subjective); accord Reyes v. Lynch, 842 F.3d 1125, 1137-38 (9th Cir. 2016).

We further determine that Ortiz's CAT claim fails, as the record evidence does not compel a reasonable adjudicator to conclude that Ortiz would more likely than not

face torture upon removal to El Salvador. <u>See</u> <u>Malonga</u>, 546 F.3d at 554-56. Finally, we find no abuse of discretion in the BIA's denial of his motion to reopen. <u>See</u> <u>Vargas v. Holder</u>, 567 F.3d 387, 391 (8th Cir. 2009) (standard of review for motion to reopen).

The petitions for review are denied. <u>See</u> 8th Cir. R. 47B.

_____