# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1463

_____

Armando Romero-Soriano

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

No. 18-2155

_____

Armando Romero-Soriano

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 2, 2019
Filed: April 5, 2019
[Unpublished]

_____

Before ERICKSON, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

In these consolidated matters, Salvadoran citizen Armando Romero-Soriano petitions for review of (1) an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration judge (IJ), which denied him statutory withholding of removal and relief under the Convention Against Torture (CAT) (No. 18-1463); and (2) an order of the BIA denying his motion to reopen proceedings (No. 18-2155).

Our review of the record leads us to conclude that–contrary to the assertion in his petition–Romero-Soriano was afforded sufficient due process before the agency, and he has not established any fundamental procedural error. See Alva-Arellano v. Lynch, 811 F.3d 1064, 1066 (8th Cir. 2016) (standard of review and burden of proof). We also conclude the BIA did not abuse its discretion in determining that Romero-Soriano was ineligible for withholding of removal because he had been convicted of at least one particularly serious crime and was a danger to the community. See 8 U.S.C. § 1231(b)(3)(B)(ii) (alien is not eligible for statutory withholding of removal if Attorney General decides that alien, having been convicted by final judgment of particularly serious crime, is danger to community); 8 C.F.R. § 1208.16(d)(2) (same, for withholding of removal under the CAT); Arbid v. Holder, 700 F.3d 379, 383 (9th Cir. 2012) (standard of review); see also Guerrero v. Whitaker, 908 F.3d 541, 543 (9th Cir. 2018) (categories of particularly serious crimes include aggravated felonies carrying an aggregate term of at least 5 years in prison, and all other crimes

-2-

determined to be particularly serious based on a fact-specific inquiry); Tian v. Holder, 576 F.3d 890, 896-97 (8th Cir. 2009) (setting forth factors to be considered in determining whether crime was particularly serious).  We find no merit to Romero-Soriano's contention that the "particularly serious crime" provision is unconstitutionally vague.  See Guerrero, 908 F.3d at 545 (rejecting argument based on Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018), that the particularly serious crime provision is not unconstitutionally vague on its face; analysis under the statute requires assessment of what the alien "actually did," and applies "only to real-world facts").

We also find no error in the decision to deny Romero-Soriano's claim for deferred removal under the CAT, as a reasonable factfinder could conclude that there was insufficient evidence of a likelihood of torture and that Romero-Soriano failed to establish government acquiescence.  See 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); Garcia-Milian v. Lynch, 825 F.3d 943, 945 (8th Cir. 2016) (decisions are reviewed to determine if they are supported by substantial evidence and are reversed only if petitioner shows evidence was so compelling that no reasonable factfinder could fail to find in his favor); Garcia-Milian v. Holder, 755 F.3d 1026, 1034-35 (9th Cir. 2014) (government was not wilfully blind to violence where steps had been taken to combat the type of violence petitioner alleged); cf. Ramirez-Peyro v. Holder, 574 F.3d 893, 899 (8th Cir. 2009) (distinguishing case involving widespread participation by police in harmful actions, and the government's general knowledge of the activity, from cases where a government is merely unable to control third-party torturers).  Finally, we find no abuse of discretion in the BIA's denial of Romero-Soriano's motion to reopen.  See Vargas v. Holder, 567 F.3d 387, 391 (8th Cir. 2009) (standard of review).

The petitions for review are denied.  See 8th Cir. R. 47B.

_____

-3-