NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0127n.06
Filed: February 29, 2008

Case No. 06-4340

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ENOCH KWADWO ADDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| MICHAEL B. MUKASEY, Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

_____

BEFORE:  BATCHELDER and MOORE, Circuit Judges; BUNNING[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge.  Enoch Kwadwo Addo ("Enoch") petitions

this court for review of the decision of the Board of Immigration Appeals ("BIA"), which upheld the

Immigration Judge's ("IJ") decision finding Enoch removable as charged and ineligible for voluntary

departure, and denying Enoch's application for adjustment of status.  On appeal, Enoch claims that

(1) the IJ erred in requiring Enoch to file an I-601 fraud waiver, (2) the IJ erred in denying Enoch's

application to adjust his status, and (3) the IJ's conduct during the proceedings denied Enoch due

process.  Because Enoch's claims are without merit, we deny the petition for review.

## I.  BACKGROUND

Enoch, a native and citizen of Ghana, entered the United States on February 10, 1997, using

[*]The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

a B-2 non-immigrant visa, but he overstayed the time permitted under his visa. In August 1998, he married Paula, an American citizen. In November 1998, an I-130 visa petition[1] was filed on Enoch's behalf and the then-Immigration and Naturalization Service ("INS") approved the I-130 in August 1999.

Some time in late 1999, the Addos began experiencing marital difficulties and separated, remaining apart until 2001. During their separation, Paula submitted a letter to the INS claiming that Enoch had filled out the I-130 form without her knowledge or approval and had forged her signature on it, and that, until recently, she had been unaware that Enoch sent the form to the INS. The letter requested that the agency revoke its approval of the I-130. The INS revoked Enoch's I-130 approval and initiated removal proceedings, alleging that Enoch had remained in the United States beyond the period permitted by his B-2 visa.

In March 2001, while still separated from Paula, Enoch filed a form I-360 Petition for Special Immigrant, alleging that he was an abused spouse of a United States citizen. In his supporting affidavit, Enoch stated that Paula abused drugs, cursed at him, and was physically violent toward him. Some time later, Enoch and Paula reconciled. Enoch withdrew the I-360 petition, and Paula, in May 2002, filed an I-130 on Enoch's behalf that was approved in July 2004. Then, in November 2004, Enoch filed a form I-485 to adjust his status to that of lawful permanent resident based on his marriage to Paula.

Throughout this time period, the INS (and later the Department of Homeland Security

---

[1]By filing the I-130 form a U.S. citizen or lawful permanent resident seeks to establish a relationship with an individual within specific categories of alien relatives so that the alien relative may obtain other immigration relief in the United States. In this instance, Paula had to first file a form I-130 on Enoch's behalf before Enoch could seek to adjust his immigration status based on his marriage to Paula.

("DHS")) pursued Enoch's removal in immigration hearings, which were continued some nine times while Enoch pursued various forms of relief. Finally, on February 14, 2005, the parties appeared before the IJ for a merits hearing. Enoch conceded removability, but sought relief in the form of adjustment of his status based on his marriage to Paula.

After hearing testimony from both Enoch and Paula, the IJ specifically concluded that Enoch had forged his wife's signature on the I-130 and submitted a false I-360 form. The IJ advised Enoch's counsel that, "at a minimum," Enoch would need to file a form I-601 to overcome these two instances of fraud. The IJ set the date by which this form — referred to by the IJ as a "fraud waiver" — must be filed, and scheduled a hearing on the waiver for the following month.

Despite his protests that he had not committed fraud, Enoch submitted an I-601 waiver application, and the parties appeared before the IJ on March 14, 2005, for the hearing. After hearing testimony from Enoch and Paula, the IJ concluded that Enoch was ineligible for adjustment of status because he had submitted fraudulent documents to the INS, that Enoch's application for waiver was inadequate because he failed to take responsibility for his actions, and that Enoch was ineligible for voluntary departure. The IJ ordered Enoch removed to Ghana. Enoch appealed the IJ's decision to the BIA, which dismissed the appeal. Enoch submitted a timely petition for review to this Court.

## II. ANALYSIS

Where the BIA adopts the IJ's reasoning as its own, but makes an additional comment, this Court "'directly review[s] the decision of the IJ' as the BIA's own, 'while [also] considering the additional comment made by the BIA.'" *Sedrakyan v. Gonzales*, 237 F. App'x 76, 80 (6th Cir. 2007) (quoting *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005)).

In considering a petition for review of a decision of the [BIA], we review the [BIA's]

3

legal determinations de novo and its factual findings under the substantial evidence standard. The substantial evidence standard requires us to uphold the [BIA's] findings as long as they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. Findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.

*Sanusi v. Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007) (internal punctuation and citations omitted).

## A. Enoch's Fraud Waiver

Enoch first contends that the IJ erred in requiring him to file a form I-601, requesting a waiver of inadmissibility. Enoch argues that because the Notice to Appear stated only one ground of removability, i.e., overstaying his visa, it was legal error for the IJ to find that Enoch had committed fraud and to deny relief on that basis.

Enoch conceded removability, and the IJ found him removable as charged. The IJ then considered Enoch's application for the discretionary relief of adjustment of status. *See Matovski v. Gonzales*, 492 F.3d 722, 738 (6th Cir. 2007) ("Upon a finding of removability, petitioners are permitted to raise applications for discretionary relief.").

In order to obtain the discretionary relief of adjustment of status, an alien must be "admissible to the United States for permanent residence." 8 U.S.C. § 1255(a). But an alien "who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i). If an alien is found to be inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), he cannot obtain adjustment of his status unless he applies for and obtains a discretionary waiver of inadmissibility under 8 U.S.C. § 1182(i). The IJ, therefore, could not determine Enoch's eligibility for adjustment of status until he had determined whether Enoch was admissible. *See, e.g.*, *Matovski*, 492 F.3d at 739 ("[T]he Immigration Judge had authority to

4

consider whether the petitioners are inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) for willfully misrepresenting a material fact even though the DHS failed to charge this as a ground of inadmissibility."). Having found that Enoch had committed fraud on two separate occasions, the IJ was confronted with an alien who was inadmissible, and therefore, ineligible for adjustment of status. In order to have his application for adjustment of status considered, Enoch would have to obtain a waiver of inadmissibility, and, to that end, the IJ advised Enoch's counsel that Enoch would, "at a minimum," need such a waiver. Enoch's claim that the IJ was without authority to reach this issue is without merit.

Enoch further contends that the IJ's requiring a "fraud waiver" was error because the evidence presented to the IJ does not support the IJ's conclusions that Enoch committed fraud. Therefore, Enoch argues, because he did not commit fraud, he is not inadmissible, and the IJ committed error in requiring the I-601 "fraud waiver." But, as we will more fully explain below, Enoch's premise is faulty. The IJ's determination is supported by substantial evidence in the record.

## B. Adjustment of status

Enoch next challenges the IJ's refusal to grant the waiver of admissibility and refusal to adjust his status. The government argues that we are without jurisdiction to review these claims because they relate to the IJ's discretionary decision to deny relief.

We review *de novo* the existence of subject matter jurisdiction. *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 630 (6th Cir. 2006). We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1), but we may *not* review denials of *discretionary* relief. *See* 8 U.S.C. § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under . . . [8 U.S.C. § 1182(h), *1182(i)*, 1229b, 1229c, or *1255*].") (emphasis

5

added).  Enoch sought the discretionary relief of adjustment of status under 8 U.S.C. § 1255. Because the IJ rejected Enoch's waiver of inadmissibility, 8 U.S.C. § 1182(i) is also implicated.

Section 106(a)(1) of the REAL ID Act[2] amended § 242(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1252(a)(2), to vest the courts with limited jurisdiction concerning judgments granting relief under §§ 1255 and 1182(i):

> Nothing in subparagraph (B) or (C) [that is, 8 U.S.C. § 1252(a)(2)(B) or (C)], or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).

> Following the enactment of the REAL ID Act, . . . direct judicial review is available for constitutional questions or questions of law arising from the agency's decision to deny discretionary relief.  To the extent that a petition asks us to review a discretionary or factual determination, however, we still lack jurisdiction. Accordingly, it is critical for us to determine whether the petition for review presents a legal or constitutional challenge to the agency's decision or whether the petition seeks review of a discretionary determination by the BIA.

*Jean v. Gonzales*, 435 F.3d 475, 480 (4th Cir. 2006) (internal citations omitted); *see also Elia v. Gonzales*, 431 F.3d 268, 273 (6th Cir. 2005) (court had jurisdiction under § 1252(a)(2)(D) to review petitioner's claim because petitioner "raise[d] legal, rather than factual, arguments concerning his eligibility for § 212(c) relief").

Even prior to the REAL ID Act, courts had determined that "[a]lthough section 1252(a)(2)(B) appears, by its terms, to create an unqualified bar to judicial review of decisions involving the specified types of discretionary relief, . . . '*non-discretionary legal determinations regarding an*

---

[2]The REAL ID Act applies to Enoch's appeal because the IJ entered the order of removal after May 11, 2005, when § 106(a) went into effect.

*alien's eligibility*' for such relief fell outside of the jurisdiction-stripping language of section 1252(a)(2)(B) and were thus subject to direct review." *Jean*, 435 F.3d at 480 (quoting *Moran v. Ashcroft*, 395 F.3d 1089, 1091 (9th Cir. 2005)) (emphasis added). *See, e.g., Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005) ("The denial of relief based on the ground that the alien has failed to demonstrate a continuous physical presence, however, is a non-discretionary factual determination and properly subject to appellate review."); *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 711 (6th Cir. 2004) ("[W]e may review the non-discretionary decisions that underlie determinations that are ultimately discretionary."). Accordingly, where the IJ or BIA denies the requested discretionary relief based on a finding of statutory ineligibility — a question of law — we have jurisdiction to review the ineligibility determination. But, where the IJ or BIA denies the requested discretionary relief based on an exercise of discretion, we are without jurisdiction to consider the matter on appeal.

Enoch challenges (1) the IJ's determination that he was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), (2) the IJ's refusal to adjust his status, and (3) the IJ's refusal to grant the waiver of admissibility.

Because the IJ's decision that Enoch was inadmissible under § 1182(a)(6)(C)(i) required the IJ to apply statutory law to Enoch's facts, it was not a discretionary determination, and we have jurisdiction to review it. We likewise have jurisdiction to review the IJ's determination that Enoch was statutorily ineligible[3] for an adjustment of status.

---

[3]An alien must be eligible for adjustment of status before the BIA or IJ may grant the requested relief:

The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner *may be adjusted* by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence *if* (1) the alien makes an

An alien is inadmissible if he "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter." § 1182(a)(6)(C)(i). "Findings of willful misrepresentation are reviewed under the substantial evidence standard." *Singh v. Gonzales*, 413 F.3d 156, 160 (1st Cir. 2005).

The IJ determined that Enoch forged his wife's name on the I-130 form, that he filed a false I-360 form, and that he lied under oath at both merits hearings. The IJ found with regard to both of these forms that Paula was credible and that Enoch was not. The IJ pointed out that even though Paula wanted Enoch to stay in the United States, she maintained that she had *not* signed the original I-130 form. Further, the IJ determined that Enoch was not a battered spouse and that his testimony that he was a battered spouse was untrue. The IJ noted that the police were never called in connection with any alleged incident of spousal abuse; the record reflects that while Paula admitted that she had slapped Enoch once, she did not admit to having done anything more, and Enoch's claim that she came after him with a knife is conspicuously missing from his I-360 petition and affidavit in support. We conclude that substantial evidence in this record supports the IJ's finding that Enoch willfully misrepresented a material fact in order to procure a benefit, and that he is therefore inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) and ineligible for adjustment of status

---

application for such adjustment, (2) *the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence*, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added).

under 8 U.S.C. § 1255.[4]

We do not, however, have jurisdiction to review Enoch's challenge to the IJ's refusal to waive inadmissibility, because this decision is entirely discretionary. *See, e.g*, 8 U.S.C. § 1182(i), 8 U.S.C. § 1252(a)(2)(B)(i); *see also Onikoyi v. Gonzales*, 454 F.3d 1, 3 (1st Cir. 2006) (court did not have jurisdiction "to review the discretionary denial of . . . waiver of inadmissibility").

Section 1182(i) provides a waiver for an alien found inadmissible under § 1182(a)(6)(C)(i):

(1) The *Attorney General may, in the discretion of the Attorney General*, waive the application of clause (i) of subsection (a)(6)(C) in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien or, in the case of a VAWA self-petitioner, the alien demonstrates extreme hardship to the alien or the alien's United States citizen, lawful permanent resident, or qualified alien parent or child.

(2) No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver under paragraph (1).

8 U.S.C. § 1182(i) (emphasis added). In contrast to the adjustment-of-status provision, the waiver provision does not contain any eligibility requirements or prerequisites for relief — only a discretionary determination of extreme hardship. *See, e.g.*, *Camara v. Dep't of Homeland Sec.*, 497 F.3d 121, 123 (2d Cir. 2007) ("[W]e lack jurisdiction to review the discretionary and factual determinations underlying the denial of a waiver of inadmissibility . . . . [because] . . . . the § 1182(i)(1) hardship determination is discretionary . . . and we are barred by statute from reviewing it.") (internal punctuation and citations omitted).

---

[4]The government argues that we are without jurisdiction to review the factual findings that "form the basis for the immigration judge's subsequent discretionary denial" of Enoch's request for a waiver and his application for adjustment of status. The government's argument fails as to the adjustment-of-status claim because the IJ denied adjustment of status on non-discretionary grounds, i.e., Enoch's statutory ineligibility.

This result is not changed merely because the IJ and BIA did not consider all of the statutory elements for a waiver under § 1182(i). Because the ultimate grant of relief was discretionary, the IJ and BIA could skip over the statutory elements and requirements for a waiver and conclude that, even if all the statutory elements were satisfied, Enoch ultimately did not qualify for relief as a matter of discretion. *Cf. INS v. Abudu*, 485 U.S. 94, 105 (1988) ("[I]n cases in which the ultimate grant of relief is discretionary . . . the BIA may leap ahead, as it were, over the . . . threshold concerns [for reopening] . . . and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief.").

Because the waiver of inadmissiblity lies solely in the discretion of the Attorney General, we are without jurisdiction to review the IJ's determination rejecting Enoch's waiver unless Enoch raises "constitutional claims or questions of law." *See* 8 U.S.C. § 1252(a)(2)(D). Enoch raises neither.

## C. Due Process Violation

Enoch argues that the IJ's conduct during the removal proceedings denied him due process of law. He cites to several comments made by the IJ during the two merits hearings, including (1) "In fact, I'm not sure that I'm really doing [Paula] much of a favor letting him stay; but he doesn't seem like he's a very good husband," (2) suggesting to Paula before the fraud waiver hearing that she could change her mind about wanting Enoch to stay in the country; (3) after Enoch explained that he overstayed his visa because he likes the United States, the IJ asked "so you just decided to break our law and stay here?" and (4) when Paula admitted she slapped Enoch on one occasion, the IJ commented "Okay. I don't think anybody would criticize you for that . . . ."

"Fifth Amendment guarantees of due process extend to aliens in deportation proceedings,

10

entitling them to a full and fair hearing." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). We review *de novo* alleged due process violations in removal hearings. *See Hassan v. Gonzales*, 403 F.3d 429, 435 (6th Cir. 2005).

"'To prevail on a due process challenge to deportation proceedings, [an alien] must show error and substantial prejudice. A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings; we will not simply presume prejudice.'" *Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005) (quoting *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000)). "Due process is violated when the IJ 'behave[s] not as a neutral fact-finder interested in hearing the petitioner's evidence, but as a partisan adjudicator seeking to intimidate the [alien] and his counsel.'" *Hassan*, 403 F.3d at 436 (quoting *Reyes-Melendez v. INS*, 342 F.3d 1001, 1007 (9th Cir. 2003)).

Although we do not condone the remarks made by the IJ during the removal proceedings, Enoch has not established that the remarks affected the outcome of the proceedings. The record does not reflect that the IJ was predisposed to finding against Enoch or that the IJ's behavior denied Enoch a fair opportunity to present his claims. We conclude, therefore, that the IJ's conduct during the proceedings did not violate Enoch's right to due process.

## IV. CONCLUSION

For the foregoing reasons, we **DENY** the petition for review.

11