NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0562n.06
Filed: September 16, 2008

Case No. 07-3411

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AHMAD HAMZE REDA, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| MICHAEL B. MUKASEY, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

BEFORE:  BATCHELDER and SUTTON, Circuit Judges; BARZILAY[*], Judge.

ALICE M. BATCHELDER, Circuit Judge.  Ahmad Hamze Reda ("Reda") petitions this court for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his immigration proceedings.  The motion, Reda's second, is based on alleged ineffective assistance of counsel with regard to his first motion to reopen, and seeks to reopen Reda's proceedings for an adjustment of status based on his wife's now-approved I-130 petition.  The BIA denied the motion as untimely, barred by numerical limitations, inadequate on the merits, and not consistent with the requirements for asserting claims of ineffective assistance of counsel as set forth in *Matter of Lozada*, 19 I&N Dec. 637, 637 (BIA 1988).  Because Reda's current motion is barred

---

[*]The Honorable Judith M. Barzilay, Judge of the United States Court of International Trade, sitting by designation.

by the numerical limitations on motions to reopen, and because his claims of ineffective assistance of counsel are without merit, we DENY the petition for review and AFFIRM the decision of the BIA.

## I. BACKGROUND

Reda is a native and citizen of Lebanon who was admitted to the United States on or about September 12, 2000, as a non-immigrant visitor with authorization to remain in the country for a temporary period not to exceed March 14, 2001. Reda remained in the United States beyond this date, in violation of his temporary visa. On January 10, 2003, Reda was served with a Notice to Appear ("NTA") charging him with remaining in the United States beyond the time permitted, making him deportable under § 237(a)(1)(B) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1227(a)(1)(B)].

On July 20, 2004, the immigration judge ("IJ") at Reda's removal hearing found him subject to removal under § 237(a)(1)(B) of the INA [8 U.S.C. § 1227(a)(1)(B)]. However, in lieu of removal, Reda applied for and received permission to depart the United States voluntarily under § 240B of the INA [8 U.S.C. § 1229c(a)]. The order of the immigration judge set the voluntary departure date as no later than November 17, 2004, and made clear that a failure to depart by that date would result in Reda's becoming ineligible for various forms of relief, including an adjustment or change of status as provided for in §§ 245, 248, or 249 of the INA [8 U.S.C. §§ 1255, 1258, 1259].

Reda filed his first motion to reopen on November 12, 2004, alleging ineffective assistance of counsel at the removal hearing based on counsel's failure to move for a continuance pending a

ruling on Reda's wife's pending I-130 petition.[1] The motion was denied on December 15, 2004, on three grounds: (1) it was untimely, (2) it failed to comply with the requirements for such a motion, as it was not supported by any application for relief or any relevant evidence, and (3) it failed to comply with the *Lozada* requirements for demonstrating ineffective assistance of counsel. Reda appealed this decision, but the BIA dismissed the appeal because the *Lozada* requirements had not been met. Reda did not petition for review of that decision.

On August 15, 2005, just prior to the BIA's order denying Reda's first motion to reopen, the Citizenship and Immigration Service ("CIS") denied the I-130 petition that Reda's wife, Saada, had filed two years earlier. By all accounts, this denial was due to an error on the part of CIS: it had mailed the interview notice to the wrong address, causing Reda to miss the interview and CIS's denial of the petition. After discovering its mistake, the CIS reopened the petition on July 3, 2006, and eventually approved it on August 31, 2006, one year after the BIA denied Reda's first motion to reopen.

Reda filed his current, and second, motion to reopen on November 28, 2006. In this motion, Reda seeks permission to apply for adjustment of status based on his wife's approved I-130. In the motion, Reda argues that (1) the numerical limitation allowing the filing of only one motion to reopen should be tolled as a result of the ineffective assistance Reda received during his first motion to reopen; and (2) the statutory limitation on timeliness should be tolled due to the error by the CIS in adjudicating his wife's I-130. The BIA denied this motion on March 15, 2007, because (1) it was

---

[1]"By filing the I-130 form a U.S. citizen or lawful permanent resident seeks to establish a relationship with an individual within specific categories of alien relatives so that the alien relative may obtain other immigration relief in the United States." *Addo v. Mukasey*, 2008 U.S. App. LEXIS 4961 at *2-3 n.1 (6th Cir. 2008). In this instance, Reda's citizen-wife, Saada, had filed an I-130 on Reda's behalf.

untimely; (2) it was numerically barred; (3) it was not filed in compliance with the *Lozada* requirement that Reda convey his grievance to the allegedly deficient counsel; and (4) it did not adequately demonstrate prejudice resulting from Reda's alleged ineffective assistance claim. This petition for review followed.

## II.  STANDARD OF REVIEW

We review for abuse of discretion the Board's denial of a motion to reopen. *See Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003). "'In determining whether the Board abused its discretion, this Court must decide whether the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006) (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)). "The BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to law." *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003).

## III.  ANALYSIS

Initially, we note that the BIA abused its discretion insofar as it determined that Reda's current motion to reopen did not meet the *Lozada* requirements. *Lozada* set forth the requirements for motions to reopen immigration proceedings based on ineffective assistance of counsel: "(1) that the motion be supported by an affidavit detailing counsel's failings, (2) that counsel be informed of the allegations, and (3) that the motion show that disciplinary charges have been filed with the appropriate authority." *Sako*, 434 F.3d at 863 (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). The BIA found that Reda had failed to inform counsel of the allegations of ineffective assistance. Specifically, the BIA reasoned that "there is no evidence that [Reda] conveyed [his

allegations] to Mr. [Terrence] Hoerman himself," and the fact that Reda had conveyed the information to the Michigan Attorney Grievance Commission ("MAGC"), which in turn had notified Hoerman and accepted a response from him, was insufficient to satisfy *Lozada*'s notice requirement.

We find no basis in law for the BIA's conclusion on this matter. *Lozada* simply requires that counsel against whom the ineffectiveness charge is made "be informed of the allegations and allowed the opportunity to respond." *Lozada*, 19 I. & N. Dec. at 639. Although this requirement has at times been rephrased by subsequent courts — e.g., "Scorteanu needed only to notify former attorney . . . ." *Scorteanu v. INS*, 339 F.3d 407, 414 (6th Cir. 2003) — no circuit has ever held that the *Lozada* requirements are not met where, as here, the former counsel was informed of, and in fact responded to, the allegations. While we certainly think it advisable that petitioners such as Reda personally notify former counsel of their allegations, so as to ensure the *Lozada*-required notice is established, such personal notification is not required. In Reda's case, the MAGC's notifying the allegedly deficient counsel and obtaining a response was sufficient to satisfy *Lozada*'s notice requirement.

The BIA did not abuse its discretion, however, in ultimately denying Reda's motion to reopen. Because an alien is allowed to file only one motion to reopen, Reda's current, second motion to reopen is barred by both statute and regulation. *See* 8 U.S.C. § 1229a(c)(7)(A) ("[a]n alien may file one motion to reopen proceedings under this section"); 8 C.F.R. § 1003.2(c)(2) ("a party may file only one motion to reopen deportation or exclusion proceedings"). Reda attempts to avoid this conclusion by arguing that we should toll the numerical bar due to the ineffective assistance of

5

counsel he received from Hoerman during his first motion to reopen.[2] According to Reda, the numerical bar should not apply here because, if Hoerman had effectively represented him during his first motion to reopen, that motion would have been granted, and the current, second motion to reopen would be unnecessary. For this argument to be successful, Reda must establish that, had he received effective assistance, his first motion to reopen would have been granted; if his first motion to reopen was unavailing notwithstanding any deficiencies in counsel's representation, then Reda was not prejudiced by those deficiencies and therefore did not receive ineffective assistance of counsel. The basis of Reda's first motion to reopen was his contention that his removal-hearing counsel, Mr. James Hoare, had been ineffective in failing to seek a continuance of the removal proceedings pending the outcome of his wife's I-130 petition. Thus, for Reda's tolling-of-the-numerical-limitations argument to have any merit, he must demonstrate that he received ineffective assistance of counsel: (1) during his removal hearing, because his counsel failed to seek a continuance; and (2) during his first motion to reopen, because his counsel failed to adequately present his case.

Both of Reda's ineffective assistance claims involve alleged deficiencies by counsel in pursuit of discretionary relief. *See Abu-Khaliel v. Gonzales*, 436 F.3d 627, 630-31 (6th Cir. 2006) (discussing the discretionary nature of continuances and voluntary departure); *Yousif v. INS*, 794 F.2d 236, 240-41 (6th Cir. 1986) (discussing discretionary nature of motions to reopen). This point is critical, because, in the immigration context, arguments regarding ineffective assistance of counsel

---

[2]We note, however, that "this court has never held that equitable tolling applies to numerical limitations on motions to reopen." *Sene v. Gonzales*, 180 F. App'x 551, 555 (6th Cir. 2006). We need not decide the issue in this case, because Reda's attempt at tolling based on ineffective assistance of counsel during that first motion to reopen is ultimately without merit.

must point to a violation of the Fifth Amendment's Due Process Clause, *see Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003), and because "an alien does not have a constitutionally protected interest in receiving discretionary relief from removal or deportation," *Ramirez v. Gonzales*, 247 F. App'x 782, 786 (6th Cir. 2007) (quoting *De Araujo v. Gonzales*, 457 F.3d 146, 154 (1st Cir. 2004)); *see also United States v. Lopez-Ortiz*, 313 F.3d 225, 231 (5th Cir. 2002) ("Because eligibility for [discretionary] § 212(c) relief is not a liberty or property interest warranting due process protection, we hold that the Immigration Judge's error . . . does not rise to the level of fundamental unfairness."); *Oguejiofor v. AG*, 277 F.3d 1305, 1309 (11th Cir. 2002) ("An alien has no constitutionally protected right to discretionary relief or to be eligible for discretionary relief."); *Smith v. Ashcroft*, 295 F.3d 425, 430 (4th Cir. 2002) ("[D]iscretionary statutory "rights" do not create liberty or property interests protected by the Due Process Clause."). Thus, "regardless of how deficient" Reda's counsel were in failing to request a continuance or in seeking a motion to reopen based on that failure, because the relief sought was purely discretionary, Reda "was not deprived of any due process rights and therefore did not receive *constitutionally* ineffective assistance of counsel." *Wafaa Hussein Dia v. Mukasey*, No. 07-3863, 2008 U.S. App. LEXIS 19306 at *10-11 (Sept. 9, 2008) (emphasis in original); *see also Jamieson v. Gonzales*, 424 F.3d 765, 768 (8th Cir. 2005) ("Because Jamieson is seeking the discretionary relief of adjustment of status, there is no constitutionally-protected liberty interest at stake. Consequently, Jamieson's claim of ineffective assistance of counsel also fails." (citations omitted)).

Accordingly, because Reda's ineffective assistance claims are without merit, his current, second motion to reopen is barred by the numerical limitations placed on such motions, and the BIA did not abuse its discretion in denying his motion to reopen.

## IV. CONCLUSION

For the foregoing reasons, we **DENY** Reda's petition for review, and **AFFIRM** the BIA's decision denying Reda's motion to reopen.