NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0325n.06

No 09-4439

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 17, 2011
LEONARD GREEN, Clerk

LUIS MARIO IBARRA-AMAYA,

                Petitioner,

v.

ERIC H. HOLDER, JR.,
Attorney General,

                Respondent.
_____/

ON PETITION FOR REVIEW OF
AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS

BEFORE: BATCHELDER, Chief Circuit Judge, SUHRHEINRICH and GRIFFIN, Circuit Judges.

        SUHRHEINRICH, Circuit Judge. Petitioner Luis Mario Ibarra-Amaya ("Ibarra" or "Petitioner") seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of the immigration judge ("IJ") denying his application for adjustment of status. We dismiss the petition for lack of jurisdiction.

## I. Background

        Ibarra is a citizen and native of Mexico. In 1994, while attempting to enter the United States, Ibarra falsely claimed United States citizenship and presented a false Texas birth certificate. He was removed to Mexico. He was also tried and convicted of violating 8 U.S.C. § 1325(a)(3) (making it unlawful to attempt or obtain entry "by a willfully false or misleading representation or the willful concealment of a material fact") of the Immigration Nationality Act ("INA"), 8 U.S.C. §§ 1101 et

-1-

seq. Ibarra was sentenced to five years of probation on the condition that he not return to the United States illegally.

In 1999, Ibarra returned to the United States illegally when he entered without inspection or admission. Ibarra then purchased a fake Social Security card and used it to obtain a job and a driver's license.

On May 12, 2003, Ibarra married Dora T. Ibarra, a United States citizen.

In 2004, Ibarra's employer required him to complete a Form I-9 (Employment Eligibility Verification). Because he cannot read or write, Ibarra's wife explained the form's contents to him and completed it for him. The signed form declared, by means of a checked box, that Ibarra was a "citizen or national of the United States." The signed form also used the false Social Security number and provided a false address. Ibarra signed the form and returned it to his employer.

On October 17, 2006, the Department of Homeland Security ("DHS") served Ibarra with a Notice to Appear, charging him with being a removable alien pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (alien present in the United States without being admitted or paroled), and 8 U.S.C. § 1182(a)(6)(C)(ii) (alien who sought to procure a benefit through fraud or willful misrepresentation). Ibarra admitted the factual allegations in the Notice to Appear and conceded removability.

Ibarra applied for adjustment of status pursuant to 8 U.S.C. § 1255 based on his marriage to a United States citizen. Since an alien must be admissible to be eligible for adjustment of status, Ibarra also sought a waiver of inadmissibility arising from his 1994 and 2004 false claims of citizenship. *See* 8 U.S.C. § 1182(a)(6)(C)(iii).

The IJ held a hearing. Ibarra testified about the circumstances surrounding the completion of the Form I-9. The IJ found that Ibarra was "quite evasive in his answers to questions from the

government counsel and the court." The IJ also found that Ibarra's "demeanor and conduct on the witness stand during questioning about the I-9 were . . . indicative of a person who was attempting to be deceptive." In the end, Ibarra conceded that he knew he had represented that he was a United States citizen.

The IJ issued a written decision denying relief. The IJ held that Ibarra was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii), because he made a false claim of citizenship by claiming that he was a citizen on the Form I-9. The IJ then found that employment constituted a benefit under the INA. The IJ held that inadmissibility under § 1182(a)(6)(C)(ii) was not waivable, so Ibarra was not eligible to adjust status.

The IJ then held that even if Ibarra were statutorily eligible, he would deny adjustment of status as a matter of discretion. The IJ cited Ibarra's attempt to deceive the IJ at the immigration hearing; his two illegal entries; his purchase and use of a fake Social Security card; his use of a fake Social Security number and false address on the Form I-9; and his twice having falsely represented himself as a United States citizen. The IJ concluded that Ibarra's "repeated and intentional dishonest behavior persuade the court that even if he was otherwise eligible, [Ibarra] would not merit the favorable exercise of the court's discretion with regard to this application." Finally, the IJ stated that he would deny the waiver with respect to the 1994 claim of citizenship as a matter of discretion.

Ibarra appealed the decision to the BIA. Ibarra claimed that: the IJ was not impartial; the IJ improperly placed the burden of proof on him to prove he was not inadmissible; the IJ erred in finding he filed a false claim because his wife had filled out the form; the translator improperly translated the proceedings; the IJ abused his discretion in denying the waiver.

The BIA dismissed the appeal on October 30, 2009. The BIA rejected the bias claim, noting that there was no evidence to support the assertion. The BIA also noted that Ibarra testified that when he submitted the I-9 to his employer, he knew the box for United States citizens or nationals was checked. The BIA also held that private employment constitutes a benefit under the BIA. Thus, the BIA agreed that Ibarra was statutorily ineligible for adjustment of status because he made a false claim of citizenship. The BIA rejected Ibarra's translator challenge, noting that Ibarra failed to identify any examples of testimony that was mistranslated. Finally, the BIA agreed that Ibarra did not merit an adjustment of status as a matter of discretion.

Ibarra filed this timely petition for review, along with a motion to stay removal pending judicial review. The Attorney General filed a motion to dismiss the petition for lack of jurisdiction. A panel of this court referred the petition to the merits panel and denied the motion to stay removal.

## II. Analysis

On appeal, Ibarra contends that the BIA erred (1) in finding that the IJ was impartial; (2) in finding that no due process violation based on allegedly false translation; and (3) in determining that Ibarra was statutorily ineligible for adjustment of status. First, however, we address the Attorney General's challenge to our jurisdiction.

The Attorney General argues that we should dismiss the petition for lack of jurisdiction. The Attorney General asserts that we lack jurisdiction because Ibarra challenges the denial of his application for adjustment of status, which the BIA denied as a matter of discretion.[1]

---

[1] In addition to addressing it in his brief, the Attorney General filed a motion to dismiss on this ground.

The determination on an adjustment of status application involves two steps: "first, proof of an alien's statutory eligibility for the adjustment, and second, an exercise of discretion by the attorney general as to whether to grant such relief." *Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir. 2006). We have jurisdiction to review the first step–namely "whether the BIA correctly determined that the alien was *eligible* for . . . adjustment of status." *Id.* (internal quotation marks and citations omitted). As to the second step, *Pilica v. Ashcroft* answers this question:

> As part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the following provision was enacted: "Notwithstanding any other provision of law, no court shall have jurisdiction to review-(i) any judgment regarding the granting of relief under section ... 1255 of this title ...." 8 U.S.C. § 1252(a)(2)(B), INA § 242(a)(2)(B). Section 1255, in turn, is entitled, "Adjustment of status of nonimmigrant to that of person admitted for permanent residence," and states that adjustment of status may be granted in the discretion of the Attorney General. 8 U.S.C. § 1255, INA § 245. Based upon the language of § 1252(a)(2)(B), it is clear that this Court lacks jurisdiction over the Attorney General's discretionary determination of whether an alien should be granted adjustment of status.

*Pilica v. Ashcroft*, 388 F.3d 941, 945 (6th Cir. 2004; *see also Singh v. Gonzales*, 451 F.3d 400, 410-11 (6th Cir. 2006) (holding that court of appeals lacked jurisdiction to review denial of the petitioner's request for waiver of removal because it is a purely discretionary decision of the Attorney General).

Had Ibarra raised a constitutional claim or a question of law, we would have jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D) (restoring jurisdiction under § 1252(a)(1) for constitutional claims or questions of law). Although Ibarra alleges several due process violations, because he is an alien seeking a discretionary form of relief from removal, he cannot establish a due process violation. *See Huicochea-Gomez v. INS*, 237 F.3d 696, 700 (6th Cir. 2001) ("The failure to be granted discretionary

relief does not amount to a deprivation of a liberty interest."); *see also Patel v. Gonzales*, 470 F.3d 216, 220 (6th Cir. 2006) (same; citing *Huicochea-Gomez*).

Ibarra's assertion that the IJ "completely misconstrued the facts and ignored the evidence" is not a question of law, but in reality a challenge to the determination that Ibarra did not merit adjustment as a matter of discretion. In truth, Ibarra contests the factual finding that he represented himself to be a United States citizen on the 2004 Form I-9. This is a factual matter, and we therefore lack jurisdiction over it. *Jean v. Gonzales*, 435 F.3d 475, 480 (4th Cir. 2006) ("To the extent that a petition asks us to review a discretionary or factual determination, however, we still lack jurisdiction."); *Addo v. Mukasey*, 267 F. App'x 442, 447 (6th Cir. 2008) (relying on *Jean*).

## III. Conclusion

Ibarra's petition is DISMISSED for lack of jurisdiction. We therefore do not address his arguments. Ibarra's emergency motion for a stay of removal is therefore DENIED as moot.