# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3770
_____

Jose Frederico Llanas-Trejo

*Petitioner*

v.

Merrick B. Garland, Attorney General for the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 11, 2022
Filed: November 16, 2022

_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.

_____

MELLOY, Circuit Judge.

Jose Frederico Llanas-Trejo moved for the BIA to reopen his cancellation of removal proceedings so he could present new evidence of alleged "exceptional and extremely unusual hardship" to his United States citizen children. See 8 U.S.C. § 1229b(b)(1)(D). The BIA denied his motion, finding he failed to demonstrate prima facie eligibility for relief as to the good moral character and hardship requirements.

The timing of various underlying decisions in the present case, the substantive content of those rulings, and the timing of precedent later cited by the BIA merit comment. Ultimately, however, we deny the petition for review.

## I. Background

Llanas-Trejo entered the United States in 1996, was convicted for a DUI offense in 1998, and was subsequently removed. He re-entered the United States illegally in 1999. In 2012, he was again convicted for a DUI offense, and the government initiated removal proceedings. In 2013, during an IJ hearing, he conceded removability but sought cancellation of removal based on hardship to his three United States citizen children. In June 2016, the IJ administratively closed the removal proceedings pursuant to a grant of prosecutorial discretion.

The next month, in July 2016, Llanas-Trejo was again arrested for driving under the influence. He was later convicted on a resulting DUI charge. As a result, the government reopened his removal proceedings. IJ hearings took place in September and October 2018 during which the government presented arguments to contest the issue of hardship. The government, however, expressly informed the IJ that it would not be presenting arguments as to whether the DUI offenses demonstrated a lack of good moral character. The government's concession notwithstanding, Llanas-Trejo submitted evidence in the form of affidavits from his employer, members of his church, and others attesting to his good moral character.

In an October 5, 2018 oral decision, the IJ made an express finding that Llanas-Trejo satisfied the good moral character requirement. The IJ also found that his removal would cause hardship to his United States citizen children but that such hardship would not satisfy the applicable standard of exceptional and extremely unusual hardship. Based on this hardship determination, the IJ denied relief.

Llanas-Trejo timely appealed the IJ's decision to the BIA, but briefing progressed slowly. Separately, in August 2019, the Attorney General held in a different case that multiple DUI convictions create a rebuttable presumption that an applicant for a hardship-based cancellation of removal lacks good moral character. See Matter of Castillo-Perez, 27 I&N Dec. 664 (AG 2019). To overcome this presumption, a petitioner must show "substantial relevant and credible contrary evidence" to demonstrate "that the multiple convictions were an aberration." Id. at 671. In his brief to the BIA on appeal, Llanas-Trejo referenced Castillo-Perez. Unsurprisingly, having prevailed as to this issue before the IJ, he did not seek to present additional evidence regarding good moral character. In its own briefing, the government did not challenge the IJ's finding that Llanas-Trejo had satisfied the good moral character requirement.

In December 2020, the BIA dismissed Llanas-Trejo's direct appeal, expressly adopting and affirming "the Immigration Judge's decision that the respondent did not establish that his removal would result in exceptional and extremely unusual hardship to his qualifying relatives, his three United States citizen children." The BIA did not address the separate good moral character requirement.

Llanas-Trejo did not appeal the December 2020 ruling, and it appeared that his case was final. In early 2021, however, he filed the present motion asserting that his wife and United States citizen daughter recently had been the victims of a hit-and-run accident resulting in new evidence of hardship. At the time Llanas-Trejo filed his motion to reopen, his United States citizen daughter was 19 years old and attending the University of Minnesota. His other two United States citizen children were still minors.

In response to Llanas-Trejo's motion to reopen, the government filed a resistance addressing the issue of hardship and expressly raising the issue of the Castillo-Perez moral-character presumption. In reply, Llanas-Trejo submitted

additional evidence of hardship. Most of the evidence Llanas-Trejo submitted provided details as to his wife's injuries and treatments. Evidence concerning his daughter's injuries was limited to a document from a state-court victims' reparations fund.

The BIA denied his motion to reopen on two grounds. First, the BIA noted that Llanas-Trejo's wife did not have an immigration status and therefore was not a qualifying relative for whom hardship from removal could be considered. The BIA expressly noted scant evidence of injury to Llanas-Trejo's daughter. The BIA stated:

> [W]e have not taken the majority of the respondent's . . . submission into consideration because it does not relate to a qualifying relative. Only one document, a letter from the Crime Victim's Reparations Board, relates to the respondent's daughter. The remaining documents relate to the respondent's wife, who does not have any legal status in the United States and thus is not a qualifying relative.

The BIA did not comment as to the potential for Llanas-Trejo's wife's injuries to alter the level of hardship likely to be experienced by his qualifying, United States citizen children still under their mother's care.

Second, the BIA cited Castillo-Perez and Llanas-Trejo's two most recent DUIs, concluding that he failed to rebut the Castillo-Perez presumption. The BIA expressly noted that Llanas-Trejo did not submit evidence of good moral character in support of his motion to reopen. The BIA, however, did not comment on the earlier government concession, the initial record, or the IJ finding as to good moral character.

Llanas-Trejo appeals the denial of his motion to reopen.

## II. Discussion

### A. Jurisdiction

The government argues we lack jurisdiction to review the denial of Llanas-Trejo's motion to reopen. In asserting its argument, the government cites cases that address courts' limited jurisdiction to review denials of cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B).[1] As to such cases, the Supreme Court recently resolved a circuit split by adopting a broad interpretation of the statutory jurisdictional bar. See Patel v. Garland, 142 S. Ct. 1614 (May 16, 2022) (holding that the jurisdictional bar of subsection (i) applies to underlying factual determinations regarding eligibility and not merely to the ultimate grant or denial of discretionary relief).

---

[1] 8 U.S.C. § 1252(a)(2) provides:

(B)   Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
   (i)   any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
   (ii)   any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.
. . .
(D)   Nothing in subparagraph (B) ... shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

But, Llanas-Trejo did not appeal the underlying December 2020 denial of cancellation of removal. Rather, he appealed the BIA's subsequent denial of the motion to reopen—the motion he filed later and with new evidence of his wife and daughter's injuries. We have jurisdiction to review the denial of the motion to reopen for abuse of discretion. See Urrutia Roblez v. Barr, 940 F.3d 420, 422–23 (8th Cir. 2019) (discussing Kucana v. Holder, 558 U.S. 233 (2010), and stating, "Although 8 U.S.C. § 1252(a)(2)(B)(i) limits our jurisdiction to review the Attorney General's exercise of his statutory discretion to grant cancellation of removal, the Supreme Court has confirmed that this statute did not remove the long-exercised judicial authority to review the BIA's denial of an alien's motion to reopen under a deferential abuse of discretion standard."); see also Kucana, 558 U.S. at 242, 253 (stating that a "motion to reopen is an important safeguard intended to ensure a proper and lawful disposition of immigration proceedings" and concluding that "[a]ction on motions to reopen, . . . remain subject to judicial review" (citations omitted)).

In fact, the Court in Patel carefully distinguished Kucana. See Patel, 142 S. Ct. at 1624–25. The Court emphasized that Kucana addressed jurisdiction where the Attorney General delegated discretion to the BIA but Patel addressed jurisdiction where *Congress* delegated discretion to the Attorney General. See id. at 1625 ("Kucana's discussion is inapposite. That opinion addressed whether the Attorney General could unilaterally proscribe review of decisions 'declared discretionary by the Attorney General himself through regulation.' In drawing the comparison between [8 U.S.C. § 1252(a)(2)(B)] clauses (i) and (ii), we thus focused on the fact that each form of relief identified in clause (i) was entrusted to the Attorney General's discretion by statute. We neither said nor implied anything about review of eligibility decisions made in the course of exercising that statutory discretion." (citations omitted)).

B. Abuse of Discretion Review

Although we may review the denial of a motion to reopen, such motions "are disfavored because of the strong public interest in bringing litigation to a close and because granting them can allow endless prolongation of . . . proceedings." Salman v. Holder, 687 F.3d 991, 996 (8th Cir. 2012) (quotation omitted). As such, we will find "the BIA abuses its discretion . . . only when its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Rodriguez v. Barr, 952 F.3d 984, 991 (8th Cir. 2020) (citation omitted).

As noted, one basis the BIA provided for its denial of the motion was its refusal to consider evidence of Llanas-Trejo's wife's injuries due to her lack of an immigration status. Had this been the only basis articulated, we would find an abuse of discretion even under this deferential standard. The material question on the issue of hardship in a motion to reopen is whether the new evidence, if proven, would show an "exceptional and extremely unusual hardship" to Llanas-Trejo's United States citizen children. See 8 U.S.C. § 1229b(b)(1)(D). The fact that the children's injured mother had no immigration status bears little relevance to the level of hardship the children were likely to face. Upon Llanas-Trejo's removal, she would have been their sole care giver, and her ability to provide care appears to have been materially diminished. The agency should have focused on the effect that removal would have had on the United States citizen children in light of the injury to their mother. By dismissing out of hand the evidence of the mother's injury, the BIA "fail[ed] to consider all factors . . . [and] distort[ed] important aspects of the claim." Rodriguez, 952 F.3d at 991.

Regardless, a petitioner must demonstrate prima facie eligibility for relief as to all required elements to have their file reopened. Njie v. Lynch, 808 F.3d 380, 385

(8th Cir. 2015). And, we find no abuse of the BIA's substantial discretion in the alternative ruling that Llanas-Trejo failed to rebut the Castillo-Perez presumption. The final DUI occurred approximately one month after an initial and informal exercise of discretion in Llanas-Trejo's favor: the administrative closure his file in 2016. The Attorney General stated in Castillo-Perez that a grant of relief in spite of two DUIs would be "an unusual case in which [a petitioner] . . . establish[es] that the multiple convictions were an aberration and can show good moral character." 27 I&N Dec. at 671. To overcome this presumption, a petitioner must show "substantial relevant and credible contrary evidence" to demonstrate "that the multiple convictions were an aberration." Id. at 671. Driving under the influence one month after the suspension of his initial removal proceedings does not suggest the unusual showing described in Castillo-Perez.

Llanas-Trejo argues that it was unfair for the BIA to rule on this basis given the earlier government concession, the IJ finding, and the presence of at least some evidence of good moral character within his underlying file. Our deferential standard of review does not permit reliance on general pleas as to fairness, and we do not believe this case demonstrates a "depart[ure] from established policies." Rodriguez, 952 F.3d at 991. Llanas-Trejo acknowledged Castillo-Perez in his briefing on direct appeal, the government raised the presumption in its briefing in response to the motion to reopen, and Llanas-Trejo failed to supplement his motion with additional rebuttal evidence or argument. Further, although the BIA on direct appeal stated expressly that it was adopting the IJ's finding as to a lack of sufficient hardship, the BIA did not address the good moral character finding. Where the BIA denies relief on appeal based on one element, its silence as to another does not serve as an implicit and binding adoption of the IJ's conclusion. See N'Diaye v. Barr, 931 F.3d 656, 664 (8th Cir. 2019) (agency may reconsider in the same case an issue not previously addressed through a final judgment); Estrada-Rodriguez v. Lynch, 825 F.3d 397, 420–03 (8th Cir. 2016) (issue previously addressed by an IJ but not addressed by the

BIA on review is not barred generally from further agency consideration by the law of the case doctrine).

The BIA did not abuse its discretion in holding that Llanas-Trejo failed to make a prima facie showing of good moral character with the filing of his motion to reopen.

We deny the petition for relief and affirm the BIA's judgment.

_____