# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3329
_____

Ignacio Trejo-Gamez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 14, 2023
Filed: August 30, 2023
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

MELLOY, Circuit Judge.

The BIA denied Ignacio Trejo-Gamez's request for cancellation of removal based on the failure to show "exceptional and extremely unusual hardship" to his United States-citizen children. See 8 U.S.C. § 1229b(b)(1)(D). The BIA granted voluntary departure to Mexico. Trejo-Gamez then discovered evidence of sub-standard attorney performance by his attorney before the IJ and filed a timely motion to reopen alleging ineffective assistance of counsel. Trejo-Gamez also submitted

evidence obtained between the final order and the motion to reopen asserting that two of his children suffered from emotional- and mental-health issues that could not be adequately addressed in Mexico.

The BIA denied the motion to reopen, holding that even if counsel had been unprepared before the IJ, different counsel represented Trejo-Gamez in the initial appeal to the BIA. The BIA also held Trejo-Gamez failed to show prejudice concerning the claim of ineffective assistance. Finally, the BIA addressed the newly submitted evidence of mental- and emotional-health issues as to two of the children. The BIA held Trejo-Gamez failed to demonstrate the new evidence would alter the prior conclusion that exceptional and extremely unusual hardship was lacking.

Relying on Patel v. Garland, 142 S. Ct. 1614 (2022), the government argues we lack jurisdiction to review the BIA's denial of the motion to reopen following the underlying denial of cancellation of removal. We rejected a similar argument in Llanas-Trejo v. Garland, holding review of such motions survives and a deferential abuse-of-discretion standard applies. 53 F.4th 458, 461–62 (8th Cir. 2022) (addressing the application of Patel and holding, "Although 8 U.S.C. § 1252(a)(2)(B)(i) limits our jurisdiction to review the Attorney General's exercise of his statutory discretion to grant cancellation of removal, the Supreme Court has confirmed that this statute did not remove the long-exercised judicial authority to review the BIA's denial of an alien's motion to reopen under a deferential abuse of discretion standard." (quoting Urrutia Robles v. Barr, 940 F.3d 420, 423 (8th Cir. 2019))).

We find no abuse of discretion. "[T]he BIA abuses its discretion . . . only when its decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Rodriguez v. Barr, 952 F.3d 984, 991 (8th Cir. 2020) (citation omitted). Here, considering all of the evidence presented, the BIA rationally determined that the addition of the later-submitted evidence of emotional- and mental-health issues

failed to establish exceptional and extremely unusual hardship. The evidence demonstrated neither that the health issues were severe nor that treatment would be unavailable in Mexico. The BIA also rationally determined there had been no showing of prejudice associated with the claim of attorney ineffectiveness. On appeal, Trejo-Gamez failed to articulate how initial counsel's failures affected the outcome below.

Finding no abuse of discretion, we affirm the judgment of the BIA.

COLLOTON, Circuit Judge, concurring.

I concur based on binding circuit precedent of *Llanas-Trejo v. Garland*, 53 F.4th 458 (8th Cir. 2022), but the court's assertion of jurisdiction is doubtful. In *Kucana v. Holder*, 558 U.S. 233 (2010), the Supreme Court addressed the effect of a jurisdictional provision, 8 U.S.C. § 1252(a)(2)(B)(ii), that was not at issue in *Llanas-Trejo* or in this case. The Court in *Kucana* also specifically declined to "reach the question whether review of a reopening denial would be precluded if the court would lack jurisdiction over the alien's underlying claim for relief." *Id*. at 250 n.17. *Llanas-Trejo* presented that very question: the petitioner sought to reopen proceedings on a claim for cancellation of removal over which this court lacks jurisdiction. Yet *Llanas-Trejo* treated *Kucana* as though it controlled the open question, and asserted jurisdiction to review the denial of the motion to reopen. 53 F.4th at 462 (relying on *Kucana*). As a result, the law of this circuit contains an anomaly: an alien who presents his evidence in support of cancellation of removal through a motion to reopen receives greater judicial review than an alien who presents his evidence in an original application for cancellation of removal.

This court lacks jurisdiction to review "any judgment regarding the granting of relief" under the statutory section on cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). This jurisdiction-stripping provision applies to any authoritative decision relating to the granting of cancellation of removal. *Patel v. Garland*, 142 S. Ct. 1614, 1621-22 (2022). Neither *Llanas-Trejo* nor the opinion in this case

explains satisfactorily how a decision denying a motion to reopen a proceeding in which an alien seeks a grant of cancellation of removal is not a judgment regarding the granting of cancellation of removal. At least two circuits have held that a court of appeals lacks jurisdiction in this situation. *Ochoa v. Garland*, 71 F.4th 717, 723-24 (9th Cir. 2023) (disagreeing with *Llanas-Trejo*); *Perez v. Garland*, 67 F.4th 254, 257 (5th Cir. 2023) ("[W]here a final order of removal is shielded from judicial review, . . ., so, too, is the BIA's refusal to reopen that order.") (internal quotation omitted). In my view, those courts have reached the better conclusion.

––––––––––––––––––––––––––––––