# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-2640
_____

Jose Guadalupe Morelos-Avila

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: April 15, 2024
Filed: July 8, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, KELLY and GRASZ, Circuit Judges.
_____

PER CURIAM.

Mexican citizen Jose Guadalupe Morelos-Avila petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen his removal proceedings. We deny the petition for review.

Morelos-Avila applied for cancellation of removal in November 2014, asserting that his removal would result in exceptional and extremely unusual hardship to his two United States citizen children. See 8 U.S.C. § 1229b(b)(1). After a hearing on the merits, the immigration judge (IJ) denied Morelos-Avila cancellation of removal, finding he had not demonstrated his removal would result in the requisite hardship to his children. Morelos-Avila appealed to the Board; the Board agreed with the immigration judge and dismissed the appeal. In August 2019, Morelos-Avila filed with the Board a motion to reopen based on new hardship evidence. The Board denied the motion, concluding Morelos-Avila had not presented sufficient evidence to show that, if removed, his children would suffer hardship that was "substantially beyond that which would ordinarily be expected to result" from his removal. Morelos-Avila petitioned this court to review the Board's decision, and we remanded the case in response to the government's unopposed motion to remand for the Board to consider additional evidence.

In June 2023, after consideration of Morelos-Avila's additional evidentiary submissions, the Board again determined that reopening was unwarranted. The Board stated that it "thoroughly considered" all of Morelos-Avila's evidentiary submissions. The Board concluded, however, that even considering the children's physical and mental health issues, the availability of healthcare in Mexico, and an anticipated reduction in educational and socioeconomic opportunities, Morelos-Avila did not meet his burden to show that the additional evidence would likely change the result in the case. Morelos-Avila now petitions this court to review the Board's denial order of June 2023.

Morelos-Avila argues that the Board ignored or distorted evidence relating to (1) his daughters' changing health conditions and educational circumstances; (2) the lack of accessible health care in Mexico; and (3) evidence of Morelos-Avila's medical conditions. He also argues that the Board engaged in impermissible factfinding in evaluating the new evidence.

-2-

This court lacks jurisdiction to review Morales-Avila's challenge to Board's weighing of new evidence concerning alleged hardship. The Board referred to the petitioner's submissions, stated that it thoroughly considered the information, and found that the new evidence was insufficient to justify a different result on cancellation of removal. Cancellation of removal is a discretionary form of relief under section 8 U.S.C. § 1229b, and "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). We are thus without jurisdiction to review Morales-Avila's claim because he challenges "precisely the discretionary determination that Congress shielded from our review." *Caballero-Martinez v. Barr*, 920 F.3d 543, 548 n.1 (8th Cir. 2019) (quoting *Nunez-Portillo v. Holder*, 763 F.3d 974, 976-77 (8th Cir. 2014)); *see Arroyo-Sosa v. Garland*, 74 F.4th 533, 542-423 (8th Cir. 2023). We also conclude that the Board did not engage in impermissible factfinding.

Accordingly, we deny the petition for review.

KELLY, Circuit Judge, dissenting.

Morelos-Avila petitions for review of the Board's order denying his motion to reopen his removal proceedings. We have jurisdiction to review his petition. Llanas-Trejo v. Garland, 53 F.4th 458, 462–63 (8th Cir. 2022), reh'g denied, No. 21-3770, 2023 WL 329232 (8th Cir. Jan. 20, 2023) (reviewing the Board's denial of a motion to reopen petitioner's cancellation of removal proceedings for abuse of discretion). The material question in Morelos-Avila's motion to reopen was whether the new evidence establishes an exceptional and extremely unusual hardship to his qualifying children. See 8 U.S.C. § 1229b(b)(1)(D).[1] I would grant his petition for review

_____

[1]Even if this were a petition for review of an order denying cancellation of removal, we would not necessarily lack jurisdiction. As relevant here, threshold hardship determinations, which are mixed questions of law and fact, are reviewable. Wilkinson v. Garland, 601 U.S. 209, 221–22 (2024) ("[T]he application of the statutory 'exceptional and extremely unusual hardship' standard to a given set of facts

because, in considering the question, the Board ignored or distorted important, noncumulative parts of the record, and failed to give a rational explanation for its decision. See Diaz vs. Lynch, 824 F.3d 758, 760 (8th Cir. 2016).

On remand to the Board from this court, Morelos-Avila submitted evidence suggesting his older qualifying child's mental status had deteriorated—her treating therapist noted concerns about suicidal ideation and the need for regular and ad-hoc psychotherapy sessions. He also submitted new evidence indicating that the mental health needs of both migrants and citizens in Mexico are poorly addressed and underfunded, in part because only 2% of the country's overall health budget is allocated to mental health. In its discussion of Morelos-Avila's older child's health needs and the mental health services in Mexico, however, the Board concluded there was "little reason" to believe that Morelos-Avila's children would be limited to receiving medical care from Mexico's refugee agency simply because they were children of Mexican nationals. Citing to another study Morelos-Avila submitted, which indicated that barriers to accessing mental health resources include insufficient trained personnel, prohibitive travel distances, and high costs of care, the Board simply concluded it was "not persuaded" that such care would not be reasonably available.

The Board must "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and [not] merely reacted." Jama v. Wilkinson, 990 F.3d 1109, 1118 (8th Cir. 2021) (citation omitted). In my view, the Board failed to analyze Morelos-Avila's motion to reopen in light of new evidence that his qualifying child's mental health had

---

presents a mixed question of law and fact . . . . A mixed question that requires close engagement with the facts is still a mixed question, and it is therefore a 'questio[n] of law' that is reviewable under § 1252(a)(2)(D)." (second alteration in original)); Jimenez-Flores v. Garland, No. 22-3160, 2024 WL 2747261, at *1 (8th Cir. May 29, 2024) (unpublished).

materially worsened and that mental health treatment resources in Mexico were likely inadequate or unavailable. This failure constitutes an abuse of discretion. See Habchy v. Filip, 552 F.3d 911, 913, 916 (8th Cir. 2009) (concluding the Board abused its discretion by failing to consider entirety of claim for relief; vacating decision and remanding for new findings); see also Llanas-Trejo, 53 F.4th at 463 (noting the Board "should have focused" on the effect that removal would have on a petitioner's qualifying children in light of certain evidence it declined to consider, and that, had that basis for denying the motion to reopen been the only one the Board articulated, "we would find an abuse of discretion even under this deferential standard"); cf. Trejo-Gamez v. Garland, 81 F.4th 817, 819 (8th Cir. 2023) (reviewing the Board's denial of a motion to reopen and finding no abuse of discretion when the Board properly considered new emotional and mental health evidence, and rationally concluded the evidence "demonstrated neither that the health issues were severe nor that treatment would be unavailable in Mexico"). Accordingly, I would grant the petition for review and remand to the Board for further consideration.

I respectfully dissent.

_____