# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3694

_____

Eugenio Chacon-Ruiz

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 27, 2024
Filed: December 24, 2024
[Published]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Petitioner, Eugenio Chacon-Ruiz, a Mexican citizen, petitions for review of the Board of Immigration Appeals's (BIA) order dated October 25, 2021. Having jurisdiction under 8 U.S.C. § 1252(b)(2), we deny the petition.

I.

Chacon-Ruiz entered the United States without documentation in January 2001. In March 2011, the Department of Homeland Security sent Chacon-Ruiz a Notice to Appear and initiated removal proceedings. Through counsel, Chacon-Ruiz conceded removability but argued he was eligible for cancellation of removal because his removal would result in exceptional and extremely unusual hardship to his two sons, M and C. See 8 U.S.C. § 1229b(b)(1)(D). Chacon-Ruiz did not have custody of the boys due in part to his immigration status. By the time of the hearing before the Immigration Judge (IJ) in September 2016, M and C lived with a foster parent and were healthy and doing well in school. Chacon-Ruiz had made some effort to reconnect with his sons, who had only recently learned Chacon-Ruiz was their father.

In November 2017, the IJ found that Chacon-Ruiz failed to establish exceptional and extremely unusual hardship as required under § 1229b(b)(1)(D). Chacon-Ruiz appealed the decision to the BIA. To bolster his hardship argument, he also filed a motion to remand to present evidence that, in October 2017, his then-partner had given birth to their child, a United States citizen. In November 2018, the BIA denied Chacon-Ruiz's appeal and motion, but remanded the case for the limited purpose of issuing a new voluntary departure period. Chacon-Ruiz then petitioned this court for review of the BIA's denial of his motion to remand. Chacon-Ruiz v. Barr, 790 F. App'x 52 (8th Cir. 2020). We dismissed this part of his appeal for lack of jurisdiction. Id. at *53 (citing Caballero-Martinez v. Barr, 920 F.3d 543, 548 n.1 (8th Cir. 2019) (explaining that a challenge is unreviewable when "the BIA's underlying determination" that additional hardship evidence submitted in support of a motion to remand "likely would not change the result of the case")).

On remand in December 2018, the IJ issued a new voluntary departure date. Chacon-Ruiz appealed to the BIA. Meanwhile, he also filed a second motion to remand with the BIA based on new evidence that he had a new wife and two stepchildren, all United States citizens. In October 2021, the BIA rejected Chacon-

Ruiz's appeal and denied his second motion to remand. The BIA acknowledged Chacon-Ruiz's "concerns about his family's well-being" but determined that the new evidence "[wa]s insufficient to demonstrate the decision in this case would likely change" if his case were remanded.

Chacon-Ruiz timely filed a petition to review the BIA's October 2021 order.

## II.

We first address Chacon-Ruiz's argument that the BIA erred in denying his motion to remand, which was based on newly available evidence he asserts supported a finding of exceptional and extremely unusual hardship. Chacon-Ruiz frames his motion as one for remand, but we treat it as a motion to reopen because he requested additional proceedings in which to present newly available evidence. See Clifton v. Holder, 598 F.3d 486, 492–93 (8th Cir. 2010). Thus, Chacon-Ruiz's motion "must comply with the substantive requirements for . . . motions [to reopen]." Sharif v. Barr, 965 F.3d 612, 623 (8th Cir. 2020). We review the denial of Chacon-Ruiz's motion under "a deferential abuse-of-discretion standard." Trejo-Gamez v. Garland, 81 F.4th 817, 818 (8th Cir. 2023).

Under § 1229b(b)(1), a non-citizen subject to removal may be eligible for cancellation of removal by meeting four statutory criteria. See 8 U.S.C. § 1229b(b)(1). One of these is that the non-citizen must "establish[] that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or a[] [non-citizen] lawfully admitted for permanent residence." Id. § 1229b(b)(1)(D). "The material question on the issue of hardship in a motion to reopen is whether the new evidence, if proven, would show an 'exceptional and extremely unusual hardship' to [Chacon-Ruiz]'s United States citizen [family members]." Llanas-Trejo v. Garland, 53 F.4th 458, 463 (8th Cir. 2022) (quoting 8 U.S.C. § 1229b(b)(1)(D)). The BIA will grant a motion to reopen based on new evidence only if that evidence "would likely change the result

in the case." <u>Arroyo-Sosa v. Garland</u>, 74 F.4th 533, 541 (8th Cir. 2023) (quoting <u>Xiu Ling Chen v. Holder</u>, 751 F.3d 876, 878 (8th Cir. 2014)).

We discern no abuse of discretion. The BIA recognized that, since his October 2017 motion to remand, Chacon-Ruiz's family had grown, and the BIA also "acknowledge[d] [Chacon-Ruiz]'s concerns about his family's well-being." Nevertheless, the BIA concluded that this new evidence was "insufficient to demonstrate that the decision in [his] case would likely change" in additional proceedings. Ultimately, Chacon-Ruiz's arguments "amount[] only to a disagreement with the outcome of the BIA's weighing of [the new evidence]." <u>Vargas v. Holder</u>, 567 F.3d 387, 391 (8th Cir. 2009). Such disagreement, alone, does not make the BIA's decision an abuse of discretion. <u>See</u> <u>id.</u>[1]

Next, we address Chacon-Ruiz's challenge to the BIA's refusal to reconsider the denial of his application for cancellation of removal.[2] We review the BIA's decision for abuse of discretion. <u>See</u> <u>Camacho v. Whitaker</u>, 910 F.3d 378, 381 (8th Cir. 2018). In doing so, "we may consider the validity of the underlying [] decision without exercising jurisdiction over that decision or considering it on the merits." <u>Rodriguez de Henrequez v. Barr</u>, 942 F.3d 444, 446 (8th Cir. 2019) (quoting <u>Sukhov</u>

---

[1]Chacon-Ruiz also argues the BIA violated his due process rights under the Fifth Amendment by denying him the ability to present his new evidence. We reject this argument. <u>See</u> <u>Arroyo-Sosa</u>, 74 F.4th at 541 (recognizing that non-citizens are entitled to due process in immigration proceedings, but finding no violation when the BIA expressly considered the arguments raised in motion to remand).

[2]Because the BIA construed Chacon-Ruiz's appeal as a motion to reconsider its November 2018 order, stating it was "not persuaded to revisit the Immigration Judge's denial of cancellation of removal," we construe Chacon-Ruiz's argument as seeking review of the denial of that motion. <u>See</u> <u>Yang v. Mukasey</u>, 510 F.3d 793, 796 (8th Cir. 2007) (accepting BIA's classification of petitioner's motion for purposes of appellate review); <u>see</u> <u>also</u> 8 C.F.R. § 1003.2(a) (noting that "[t]he [BIA] may at any time reopen or reconsider on its own motion any case in which it has rendered a decision").

v. Gonzales, 403 F.3d 568, 571 (8th Cir. 2005)). "The BIA abuses its discretion where it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence." Martinez v. Lynch, 785 F.3d 1262, 1265 (8th Cir. 2015) (quoting Guled v. Mukasey, 515 F.3d 872, 882 (8th Cir. 2008)).

Here, both the BIA and IJ expressly considered the emotional hardship that M and C may experience due to being separated from Chacon-Ruiz. The BIA and IJ also noted that M and C had only recently learned that Chacon-Ruiz was their father, that their relationship was relatively new and intermittent, and that the boys were healthy and succeeding in school while living with their foster family. On this record, we conclude the BIA acted rationally, applied the correct legal standard, and did not ignore or distort the record. Thus, the BIA did not abuse its discretion in denying Chacon-Ruiz's motion to reconsider.

III.

The petition is denied.

_____