# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1733

_____

Rony Alfredo Soto Santos

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 18, 2025
Filed: May 12, 2025
[Published]

_____

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

After the Department of Homeland Security initiated removal proceedings against Rony Soto-Santos, a native and citizen of Guatemala, because he was present in the United States without being admitted or paroled, *see* 8 U.S.C. § 1182(a)(6)(A)(i), Soto-Santos conceded removability and unsuccessfully sought asylum, withholding of removal, and relief under the Convention Against Torture. While his case was on appeal to the BIA, Soto-Santos's girlfriend gave birth to a

daughter who enjoyed United States citizenship. He therefore moved the BIA to remand so that he could apply for cancellation of removal, which was unavailable to him until he had a United States citizen child. *See id.* § 1229b(b)(1)(D). The BIA, however, denied the motion, reasoning that Soto-Santos had not established a prima facie case of eligibility for cancellation of removal. We agree, and we are unmoved by Soto-Santos's other objections to the BIA's decision, so we deny Soto-Santos's petition for review.

Because Soto-Santos requested "additional proceedings in which to present newly available evidence," *see Chacon-Ruiz v. Garland*, 124 F.4th 541, 543 (8th Cir. 2024) (per curiam), and pursue new relief based on that evidence, we, like the BIA, construe his motion to remand as a motion to reopen proceedings. That means that the BIA could deny the motion if Soto-Santos failed to make out "a prima facie case for the underlying substantive relief sought." *See Njie v. Lynch*, 808 F.3d 380, 384 (8th Cir. 2015).

And we discern no error in the BIA's decision to do so here. The birth of Soto-Santos's United States citizen daughter satisfied one precondition to cancellation of his removal. *See* 8 U.S.C. § 1229b(b)(1)(D). But another precondition was proof that his removal "would result in exceptional and extremely unusual hardship" to his daughter, *see id.*, and he did not present any evidence of that. Before the BIA, Soto-Santos was silent about the hardship his removal would cause to his daughter, and so the BIA had no basis to conclude that Soto-Santos could present evidence of hardship sufficient to support cancellation of his removal. It permissibly denied Soto-Santos's motion for that reason. *See Chacon-Ruiz*, 124 F.4th at 543; *Partap v. Holder*, 603 F.3d 1173, 1175 (9th Cir. 2010) (per curiam).

We are, in addition, unconvinced that the BIA tainted that decision by engaging in improper fact-finding. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *cf. Vargas v. Holder*, 567 F.3d 387, 389 n.4 (8th Cir. 2009). Missing from Soto-Santos's

argument that such fact-finding occurred is any identification of the facts the BIA wrongly found. And, for that matter, we have identified no such facts ourselves.

To the extent that Soto-Santos contends, lastly, that the Department of Homeland Security should not be pursuing his removal because he is not an enforcement priority under agency policies, he is making his argument to the wrong branch of government. We generally cannot overturn the Department of Homeland Security's discretionary decision to seek an alien's removal. *See Islas-Saldana v. Garland*, 59 F.4th 927, 931 (8th Cir. 2023); *S-Cheng v. Ashcroft*, 380 F.3d 320, 324 (8th Cir. 2004). If there is an exception to this rule that applies to Soto-Santos, he has not pointed it out to us. As far as this matter concerns us, there is no error to correct.

Petition denied.

_____