# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1450
_____

Elias Gaspar Garcia-Tercero

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 13, 2026
Filed: May 14, 2026
[Unpublished]

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Elias Gasper Garcia-Tercero petitions for review of the final order of removal of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

---

[1]Todd Blanche is automatically substituted as respondent in place of Pamela Bondi pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Garcia-Tercero, a native and citizen of Guatemala, came to the United States without documentation in 2008. In May 2018, an immigration judge ordered him removed from the United States, with an alternative grant of voluntary departure. In August 2021, he filed his first motion to reopen, alleging ineffective assistance of counsel. The BIA granted the motion, reinstating the voluntary departure period. He did not voluntarily depart.

In November 2021, he filed a second motion to reopen asserting that, "as the son and father of United States citizens who has lived in the United States continuously since on or about February 2008, Respondent is statutorily eligible to request *Cancellation of Removal* relief pursuant to Section 240A(b) of the Immigration Nationality Act" (8 U.S.C. § 1229b(b)). The BIA denied the motion in October 2023. It acknowledged that he now meets the physical presence requirement for cancellation of removal under *Niz-Chavez*, 593 U.S. 155 (2021). But it found him ineligible for relief because he overstayed the reinstated voluntary-departure period and was thus subject to "a 10-year ineligibility for cancellation of removal under Section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1)."

In November 2023, he filed his third motion to reopen—the one at issue here. In February 2025, the BIA denied the motion. Although it found that he "is not subject to the 10-year bar on cancellation of removal for having overstayed the voluntarily departure," it issued a new finding that "he has not shown prima facie eligibility for cancellation of removal." Specifically, he failed to show "a reasonable likelihood that the hardship to his qualifying relatives would be beyond that which would normally be expected to occur in the event of a respondent's removal." It also found he "did not present sufficient evidence addressing other eligibility requirements for cancellation of removal." He appeals.

This court reviews the BIA's denial of motions to reopen for abuse of discretion. *See Llanas-Trejo v. Garland*, 53 F.4th 458, 463 (8th Cir. 2022). This court will not overturn the BIA's decision unless the decision "is without rational explanation, departs from established policies, invidiously discriminates against a

particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." *Rodriguez v. Barr*, 952 F.3d 984, 991 (8th Cir. 2020).

To adduce sufficient evidence to establish that he is reasonably likely to meet the various requirements for cancellation of removal, Garcia-Tercero bears the burden of showing that: (1) he "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;" (2) he "has been a person of good moral character" during that ten-year period; (3) he has not been convicted of certain disqualifying crimes; and (4) "removal would result in exceptional and extremely unusual hardship" to his qualifying relatives. 8 U.S.C. § 1229b(b)(1)(A)–(D). *See Llanas-Trejo*, 53 F.4th at 463; 8 U.S.C. § 1229a(c)(2).

The government contends that Garcia-Tercero has forfeited review of the BIA's determination that he "did not present sufficient evidence addressing other eligibility requirements for cancellation of removal." Assuming without deciding that he has not forfeited review, he still is not entitled to relief.

On the hardship prong, while Garcia-Tercero submitted his children's Nebraska birth certificates with his 2021 motion, this shows only that he has qualifying relatives, not that his removal would cause hardship to them. *See Padilla-Sarmiento v. Bondi*, 2025 WL 485517, at *1 (9th Cir. Feb. 13, 2025) (mem.) ("The motion attached evidence such as birth certificates and a tax return listing his spouse to support their existence, but neither this evidence nor his motion explained how his removal would result in an 'exceptional and extremely unusual hardship' to one of those qualifying relatives."). Similarly, while alleging that his wife does not work, he did not claim, nor present any evidence to support the contention, that she could not work in the future. To the extent he briefly alluded to his family and the financial and emotional impact he believed his removal would have on them, this was only partially responsive to whether he presented a prima facie case for meeting the hardship requirement. As the BIA correctly noted, he did not show "a reasonable

-3-

likelihood that the hardship to his qualifying relatives would be beyond that which would normally be expected to occur in the event of a respondent's removal." *See Matter of Chen*, 28 I. & N. Dec. 676, 682 (BIA 2023) ("While we recognize the types of hardship identified by the respondent, she has not identified and documented heightened hardship beyond that which would normally be expected to occur in such circumstances.").

On the other prongs, Garcia-Tercero acknowledges that he has not provided evidence for the BIA to assess whether he was reasonably likely to meet them. *See Llanas-Trejo*, 53 F.4th at 463–64 (upholding denial of motion to reopen seeking cancellation of removal where respondent acknowledged presumption of no-good-moral character based on his convictions for driving under the influence but "failed to supplement his motion with additional rebuttal evidence or argument" on them).

The BIA did not abuse its discretion in denying the motion.

\* \* \* \* \* \* \*

The petition for review is denied.

———————————————————